GEORGE W. FINTON, RESPONDENT, *v.* JAMES W. EGELSTON, AS SURVIVING ADMINISTRATOR, WITH THE WILL ANNEXED, OF STEPHEN EGELSTON, DECEASED, AND JAMES W. EGELSTON, AS ADMINISTRATOR, ETC., OF MARGARET EGELSTON, DECEASED, APPELLANT.

*Breach of warranty of title to land — statute of limitations runs from the judgment of ouster — right to recover costs and counsel fees — proof of personal transactions with a decedent.*

One Egelston conveyed to George W. Finton a parcel of land by a full covenant deed.  Subsequently an action was brought against Finton by one Thayer, who claimed a life tenancy in the land, and was in such action adjudged by the Court of Appeals to be entitled thereto.  Finton then presented to the executor of Egelston, who had died in the interval, a claim for the value of the land, costs and counsel fees, in respect to which claim a reference was ordered under the statute relative to claims against decedents' estates.

*Held,* that Finton's cause of action did not accrue until it was adjudicated that Egelston's deed conveyed no title to the premises, and that the statute of limitations did not begin to run before that time.

That said judgment was *prima facie* evidence that the covenants in the deed to Finton were broken, without proof of notice to Egelston of the pendency of the action of Thayer against Finton.

That it was incumbent on Finton, if he desired to hold Egelston for the costs and expenses of the action of Thayer against himself, to prove that timely notice of

the commencement of such action was given Egelston with a request that the latter defend his title.

That testimony of Finton, Egelston being dead, that he went to Egelston with duplicate notices stating the pendency of the said action, and also calling upon him to defend the same, and that he, Finton, did not bring away the duplicates, was a manifest attempt to evade said section.

That, although this objection was not raised upon a motion for a new trial heard at Special Term, yet, inasmuch as the testimony was duly objected to upon the trial and an exception taken, the objection was available at the General Term.

APPEAL, under date of October 17, 1889, by the defendants, Margaret Egelston and James W. Egelston, as administrators of Stephen Egelston, deceased, from a judgment, entered in the office of the county clerk of Yates county on the 23d day of September, 1889; and also from an order, entered in said office on the same day, confirming the report of a referee directing judgment for the plaintiff herein, with notice that the said defendants intend to bring up for review the said order and the judgment entered thereon.

Also an appeal, under date of January 2, 1890, by the defendant James W Egelston, as administrator, etc., of Stephen Egelston, deceased, and as administrator, etc., of Margaret Egelston, deceased, from an order denying defendant's motion for a new trial, entered, in the above-entitled action, in the office of the clerk of Yates county on the 6th day of December, 1890.

It would appear, although the fact is not stated in the case on appeal, that Margaret Egelston died between the two dates upon which the above appeals were respectively taken.

*Alvin J. Hughson*, for the appellant.

*William S. Briggs*, for the respondent.

LEWIS, J. :

On the 8th day of February, 1867, Stephen Egelston, the defendant's testator, executed and delivered to the plaintiff Finton a full covenant deed of three parcels of land in the town of Barrington, Yates county. One of the parcels contained eight acres three roods and thirty-one rods, and is the lot about which this contention arises.

After the delivery of the deed the plaintiff entered upon the eight-acre lot and cut and removed therefrom timber. One Samuel Thayer, claiming a life tenancy in the lot, commenced an action in

a Justice's Court against the plaintiff for damages for cutting and removing the timber. Finton interposed a plea of title to the premises, and the action was thereupon transferred into the Supreme Court, was tried and resulted in a judgment of this court against Finton, adjudicating that Anna Maria Thayer was, at the time of her death, the owner in fee of the premises; that Samuel Thayer, as tenant by the curtesy, was entitled to the possession thereof, and that the deed from Egelston to Finton of the eight acres of land conveyed no title to Finton. An appeal was taken by Finton to the General Term of the Supreme Court from said judgment; that court reversed the judgment of the trial court, and thereupon Thayer appealed to the Court of Appeals; that court reversed the judgment of General Term and affirmed that of the trial court, thus establishing that the plaintiff's grantor, Egelston, did not have title to the eight-acre lot and had no right to convey the same to plaintiff, and judgment was recovered against the plaintiff for costs, which he paid, and thereupon presented to the defendant, as executor, etc., a claim against the estate of Stephen Egelston for the value of the eight acres of land and for the costs and expenses of the litigation paid by him. The claim being disputed by the executor, it was, pursuant to the statute, referred. The issues thus made were duly brought to trial before the referee, who subsequently made his report, wherein he found in favor of the plaintiff for the value of the land, with interest, $1,184.40; costs of action, $353.54; costs and disbursements paid by Finton to his counsel, $356.34; making, in all, $1,894.28. The Special Term, upon motion, confirmed the report and directed judgment for the plaintiff for the amount thus reported. A motion was thereupon made at Special Term upon a case and exceptions for a new trial. The motion was denied, and Finton thereupon appealed to this court from the order confirming the report and from the order denying the motion for a new trial, and claims that the statute of limitations has run against the claim of the plaintiff, as more than twenty years expired after the delivery of the deed and before the commencement of the action.

We think the Special Term correctly held that the cause of action accrued when it was adjudicated that the deed conveyed no title to the premises, and that the statute had not run against the claim.

The judgment was *prima facie* evidence that the covenants in

the deed to Finton were broken, without proof of notice to the testator Egelston of the pendency of the action against Finton. (*Taylor* v. *Barnes*, 69 N. Y., 433.) The referee correctly decided that the plaintiff was entitled to recover the value of the land, with interest. It was incumbent upon the plaintiff, however, if he sought to make the defendant liable for his costs and expenses in his efforts to defend his title, to prove that a timely notice of the commencement and pendency of the action against him was given to his grantor, with a request to him to assume the defense thereof. The appellant contends that the plaintiff failed to make proof of the service of such notice. Evidence was given upon the trial of the admissions of the grantor of notice to him of the pendency of the action of *Thayer* v. *Finton.* Without the evidence of Finton as to the service of the notices (which will be considered hereafter) the case was left in great doubt as to when the notice was served, at what stage of the litigation it was given, and also as to the purport of the notice.

The plaintiff was called as a witness in his own behalf and was permitted to testify that he caused to be prepared duplicate notices of Exhibits 7 and 8, printed in the case; they were formal notices to the deceased of the pendency of the action, and calling upon him to defend the same; that he went with the notices at the time they bear date to the residence of Stephen Egelston, deceased, upon two occasions, first, with the duplicates of Exhibit 7, and afterwards with duplicates of Exhibit 8, and that on neither occasion did he bring away with him the duplicate of the exhibits. This evidence of the plaintiff was objected to by the defendant on the ground that it was not competent evidence under section 829 of the Code. The objection was overruled and the defendant duly excepted, and the exhibits were offered and received in evidence. The witness, Frederick Crosby, testified that he accompanied Finton to the residence of the deceased on the occasion of the service of the last notice, Exhibit 8, in August, 1884, and that Finton delivered to Egelston a paper, and stated to him that he was going to appeal the suit, and there was a notice for him; that Finton's counsel had advised him to appeal and he was going to do so. This witness had no knowledge of the contents of the paper served. The only

evidence tending to prove the service of the first paper, Exhibit 7, was that given by the plaintiff.

To entitle the plaintiff to recover his costs and disbursements it was incumbent upon him to establish that his grantor had notice of the action brought against him, and that he was requested to defend his title. This notice should have been served in time so that the grantor could have control of the action if he so desired. A notice served after the action was pending in the Court of Appeals was undoubtedly too late. Egelston was under no obligations to assume the defense of the action if he had not received notice of it till then.

The referee, in his twelfth and thirteenth findings of fact, finds that Exhibits 7 and 8 were served upon the deceased at the time they bear date respectively, to which findings the defendant duly excepted. Without the testimony of Finton these findings are unsupported by the evidence in the case. The appellant contends that the evidence of Finton as to the service of the notices was improperly admitted, and it is quite apparent that he is right in this contention.

The action was against the executors of Egelston. One of the executors, before the trial, died. While Finton did not testify to the actual delivery of the notices to the deceased, he was permitted to testify as to the preparation of the notices; to his taking them to the house of the deceased; to his coming away from the house without having them in his possession, and to the identity of the notices. The purpose and object of this evidence was to establish the service of the notices. This evidence, it must be held, related to a personal transaction or communication with the deceased. Without his evidence the testimony of the witness who accompanied him would be practically ineffectual to establish any material fact. He knew nothing as to the contents of the paper. To hold that the testimony of Finton was competent would be to thwart and render ineffectual the object and purpose of section 829 of the Code. The facts in the case of *Gregory* v. *Fitchner* (14 N. Y. Supp., 891) are very similar to the case at bar. The court there held such evidence to be inadmissible. It appears from the opinion of the justice at Special Term that the question of the competency of this evidence was not raised before him, but it appears from the case that the

appellant duly excepted to the admission of the evidence, and can avail himself of the point upon this appeal notwithstanding his omission to present it at Special Term. (*People ex rel. Witherbee* v. *The Board of Supervisors, etc.,* 70 N. Y., 228 ; *Mackay* v. *Lewis,* 73 id., 382 ; *Fenno* v. *Hannan,* 2 N. Y. Supp., 474.)

We think that, because of the admission of this improper evidence, the judgment and order appealed from should be reversed and a new trial granted before another referee, to be appointed, with costs to abide the event of the action.

Dwight, P. J., and Macomber, J., concurred.

Orders appealed from reversed and a new trial granted before another referee, with costs to abide the event.