(61 App. Div. 282.)

## DOUGALL v. DOUGALL.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. REFEREE'S OPINION—INCOMPETENT TESTIMONY.
    Plaintiff sued defendant as administratrix to recover money loaned to deceased. He was allowed to testify as to the facts and circumstances of the loan. The claim was rejected and by consent referred. The referee's opinion stated that the testimony of plaintiff, being incompetent, was excluded in reaching his conclusion. The record itself nowhere showed that such evidence was excluded. Held, that the statements in the referee's opinion could not cure the admission of incompetent testimony shown by the record.

2. SAME—SUFFICIENCY—CLAIM AGAINST DECEDENT'S ESTATE.
    Plaintiff testified that he loaned over $900 to deceased, which testimony was incompetent, the other party to the transaction being dead. The only corroborating evidence was given by a witness who had been twice imprisoned on criminal conviction, and who was impeached. No explanation was given how plaintiff, a farm laborer, could have accumulated such a large amount of money. No interest was shown to have been paid or demanded on the loan during the two years from the date of the loan to the death of deceased. Previous declarations of plaintiff to other witnesses contradicted his testimony at the trial. Held insufficient to authorize a judgment for plaintiff.

Appeal from judgment on report of referee.

Action by Peter B. Dougall against Agnes M. Dougall, as administratrix, etc., of John H. Van Vechten, deceased. From a judgment for plaintiff on report of a referee, defendant appeals. Reversed.

The issue made is upon a claim made by the plaintiff against the defendant as administratrix, etc., of John H. Van Vechten, deceased, for moneys loaned upon two occasions. This claim was rejected, and by consent of the parties the issue was referred. The referee found that the plaintiff had failed to prove a loan as to one of the sums claimed, but that as to the other his proof was satisfactory, and ordered judgment in behalf of the plaintiff for the sum of $900, with interest from the 1st day of July, 1895. From the judgment entered upon this report, this appeal is taken.

Further facts appear in the opinion.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Conover & Fisher (C. S. Nisbet, of counsel), for appellant.

L. A. Serviss, for respondent.

SMITH, J. The judgment recovered is for moneys claimed to have been loaned by the plaintiff to the deceased on or about the 1st day of July, 1895. In support of this claim one Campbell is sworn to the effect that he was present at the time, and saw the money delivered by the plaintiff to the deceased, and heard the deceased say:

"I don't know whether I will need this money or not. If I don't have to use it, I will return it in a few days; and, if I do use it, I will give you something to show that I borrowed it of you."

The witness further swears that the sum was mentioned as $900. To confirm this testimony, the plaintiff himself was called upon the stand, and swore, under objection properly made, and exception, that at that time he went to the cemetery, where the money is claimed to have been loaned, with $900 in his possession, and came away without any money, save a small amount of change in his pocket. That this testimony was incompetent is not seriously questioned upon the argument. In fact, the referee declares the testimony incompetent in his opinion, and cites in support thereof Clift v. Moses, 112 N. Y. 426, 435, 20 N. E. 392; Finton v. Egelston, 61 Hun, 246, 16 N. Y. Supp. 721; Gregory v. Fitchner (Com Pl.) 14 N. Y. Supp. 891. The respondent seeks to avoid the effect of this error by claiming first that without this evidence there is abundant evidence to sustain the claim, and that its admission was therefore harmless. To this claim, however, we cannot agree. The testimony was most material, and, as we shall hereafter see, most needful to support the testimony of the witness Campbell. The respondent further claims that the error was cured by the declaration of the referee in his opinion that this evidence was excluded in reaching his conclusion, but such an error cannot thus be cured. Blashfield v. Telegraph Co., 71 Hun, 532, 24 N. Y. Supp. 1006; Id., 147 N. Y. 520, 42 N. E. 2. That this evidence was excluded nowhere appears in the record proper. An opinion is not available to cure errors otherwise appearing in the record. See Koehler v. Hughes, 148 N. Y. 507,

70 N.Y.S.—22

42 N. E. 1051. For this error, then, in the admission of evidence, a new trial must be granted.

The judgment is challenged upon the facts as well as upon the law. It is necessary, therefore, to examine somewhat the evidence from which the referee has reached his conclusions. As the claim for the $430 loan has been rejected by the referee, no reference need be made to the evidence upon that branch of the case. The claim upon which the plaintiff has prevailed must stand upon the evidence of the witness Campbell alone. This money is claimed to have been loaned upon the 1st day of July, 1895, to a well to do farmer by a laboring man. This money, with $430 more, at least, is claimed to have been kept by this laboring man at all times in his trunk in his room wherever he was working. The plaintiff was asked at the trial if he had any explanation to offer why he kept such a large amount of money in his trunk. His answer was, "For convenience." No satisfactory explanation was given how he could have accumulated this amount as a farm laborer. Not only does he claim to have accumulated this $900 and $430, but he was allowed to swear in the case that he had also loaned Alfred Dougall $600 more. This money in suit is claimed to have been loaned at a cemetery, and from the time that it was loaned to the death of the deceased, in December, 1897, not one cent of interest is claimed to have been paid, or shown to have been demanded from the deceased. If the testimony of Campbell is true, the promise of the deceased was that, if he kept the money, he would give to the plaintiff something to show for it. It is admitted that during all this time no note or memorandum of any kind was ever given for this indebtedness, and, although the deceased was for a long time ill before his death, he was at no time asked to make any acknowledgment of this claimed indebtedness. This unusual occurrence at a cemetery is sworn to only by a witness who swears that he has been twice imprisoned upon criminal conviction,—once for assault and battery, and another time for intoxication. A number of witnesses were sworn in his impeachment. Two witnesses (Conover and Fisher) swore that the plaintiff came to them, as attorneys of the administratrix, to collect, if possible, these claims from the estate; that he told them that he had loaned the moneys in Delos Jeffer's yard; that he had no note or memorandum to show the indebtedness; that he kept a diary; that he had looked in it for some entry, and had found nothing. Mr. Conover swears that:

"The last time, or the time before the last one, he stated that he was not quite so positive where the loan was made; that possibly it might have been in Pattersonville. He was not quite clear about it. He did not on any occasion say either loan was made in the cemetery at the Scotch Church.

"Q. What, if anything, did he say during these first interviews in reference to any person being present on the occasion of either loan?

"A. He said that no one was by but himself and Van Vechten, since deceased."

These declarations are mostly denied by the plaintiff, and witnesses were sworn by the plaintiff to sustain the character of the witness Campbell.

Such is, in substance, the testimony upon which this judgment rests. This court is fully committed to the doctrine that claims against the estate of a dead man cannot be sustained upon doubtful proof. We think that this evidence is by far too uncertain to authorize the court to hold liable this estate, and that the conclusion of the learned referee is without adequate support in the evidence.

The judgment should therefore be reversed upon the law and the facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.