## ROSE v. WOLDERT GROCERY CO.

No. 4904.  Opinion Filed January 11, 1916.

(154 Pac. 531.)

1. **TRIAL—Demurrer to Evidence—Effect as Admission.** The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant.

2. **SALES — Delivery—What Constitutes—Carriers.** Where goods are sold, and in pursuance of such sale are delivered to the carrier to be delivered to the buyer, the carrier is presumed to act as agent of the buyer and delivery to· the carrier is delivery to the buyer.

3. **SALES—Action Against Buyer—Submission of Issues—Evidence —Measure of Damages.** There was evidence that the contract price of the car of melons was $120, and that, owing to the refusal of the commission company to accept the same, they were sold for $55. This is sufficient evidence of the measure of damage to authorize the submission of such question to the jury.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by the Woldert Grocery Company against J. E. Rose, doing business as the Rose Commission Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Tom F. McMechan,* for plaintiff in error.

*G. A. Gessner,* for defendant in error.

Opinion by RITTENHOUSE, C.  It is alleged in the petition that on July 14, 1911, the Rose Commission Company contracted for and ordered from the Woldert Gro-

cery Company, of Tyler, Tex., one car of fresh melons, the average weight to be 28 pounds, the same to be at the time en route to Oklahoma, for an agreed price of $120 f. o. b. Athens, Tex., and that said car, O. S. L. 13491, was shipped via the Frisco, consigned to the Rose Commission Company, Oklahoma City, Okla. In support of these allegations evidence was introduced showing that on July 14, 1911, the Rose Commission Company received quotations to the effect that the Woldert Grocery Company had watermelons for sale and quoting prices. On the same day the Rose Commission Company wired the Woldert Grocery Company:

"Can use car thirty average rolling hundred twenty answer quick."

In reply to that message the grocery company wired:

"Thirty average sold make twenty-eight average hundred twenty if unsold."

The commission company answered:

"Take car twenty-eight average must be fresh stock rolling."

This was confirmed on the same day with message as follows:

"Confirm melons O. S. L. thirteen four nine one from Athens to-day."

The testimony of Rose was to the effect that these communications were had by wire, and that the meanings of the messages were:

"Q. I would like for you to explain to the court and jury. We don't understand it. A. 'Can use thirty average.' That means the melons must average 30 pounds each. That don't mean that every melon has to weigh

30 pounds, but means that the whole car all the way through must average 30. There may be some melons weigh 25 pounds, and some 40, but the average weight of the whole 24,000 pounds of melons, divided by the number of melons, must average 30 pounds. Whenever the number of melons divided into the total number of pounds don't show the average weight you call for, it is not a trade at all, for they have sent you something you did not buy. Q. That word 'rolling,' what does it mean? A. Already loaded and en route. 'Rolling' means the car is coming. You see these cars are all billed to themselves, and they wire out, and whenever they can sell a car, the man that gets a telegram to them first is the one that gets the car, and they divert the car to him, and they wire the railroad company to notify the one they sold it to. * * * Q. I hand you Exhibit C, and ask if you received that? A. 'Thirty average sold. Make twenty-eight average hundred twenty if unsold.' Yes, sir. Q. Ask you to explain what that means to the jury. A. 'Thirty average sold.' That means to say he did not have any cars rolling weighing 30 pounds average. 'Make twenty-eight average' means he had those. He did not have a car averaging 30 pounds, but did have a car averaging 28. That means averaging 28 pounds. The carload of melons means 24,000 pounds, and the number of melons in there should average 28 pounds average. Q. I hand you Exhibit D and ask you if that is the telegram you sent in reply to the last telegram you just read? A. 'Take car twenty-eight average must be fresh stock rolling.' Yes, sir; I did. Q. I hand you telegram marked Exhibit E and ask you if you received that from the Woldert Grocery Company? A. 'Confirm melons car O. S. L. thirteen four nine one from Athens to-day.' I would not be sure about that. Q. That would mean to you it was en route? A. That means that car left there that day. Q. Car No. 13491 O. S. L. is the name on the car, whatever road it applies to? A. Yes."

The witness H. D. Pickens testified that he loaded car O. S. L. 13491 with Alabama sweet watermelons on July 13, 1911, and sold the same to Woldert Grocery Company of Tyler, Tex.; that he kept a record of the melons, which was introduced in evidence; that there were 842 melons, of a total weight of 24,360 pounds; that they were taken direct from the vine to the car, were fresh, and the coloring excellent. H. A. Bump testified that he was adjuster for the Produce Referring Company, and had been for nine years; that the company has for its purpose the issuing of a book to subscribers giving names and ratings of shippers and commission men throughout the United States, having adjusters who adjust between the different shippers and commission men who are subscribers to such book, and, when differences arise between shippers and commission men which they are unable to settle themselves, it is referred to the adjuster; that on about the 18th day of July, 1911, he made an inspection of this car and sold the same to A. Morrison & Co. for the sum of $55 net for the car f. o. b. Oklahoma City, Mr. Morrison paying the freight. The evidence of the witness Rose further shows that he refused to accept the car of melons because there were 25 melons which had been cut open and ruined, and that either the car had been robbed or a large part of the melons were never put in it. A demurrer was interposed to the evidence for the reason the same failed to establish facts sufficient to constitute a cause of action against the defendant or to sustain the allegations of the petition, and for the further reason that said evidence failed to show any cause of action upon which judgment could be rendered in favor of plaintiff and against defendant. The demurrer was overruled.

It is insisted here that the evidence fails to establish a cause of action, in this, that the uncontradicted evidence shows that the Rose Commission Company was acting within its rights in refusing to accept the melons, because the car contracted for was a full car of 24,000 pounds, and, while the evidence shows a shipment of a full car, the uncontradicted evidence shows that, when the car was presented to the Commission Company at Oklahoma City, it did not conform to the contract by reason of the shortage; and it is insisted that, where one contracts for a certain amount of goods of a certain character, he is entitled to the exact amount and character of goods purchased. We have no fault to find with the proposition of law advanced, but we do not think that the question is properly raised by a demurrer to the evidence. In the instant case there was evidence that the car was loaded in conformity with the contract, and other evidence was introduced attempting to show that there was a shortage in weight, either by a failure to fill the car or by theft. In this respect there is a conflict as to whether the shipment complied with the contract. This question is a proper one for the jury.

The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but it must treat the evidence as withdrawn which is most favorable to the demurrant. *Edmisson v. Drumm-Flato Commission Co.,* 13 Okla. 440, 73 Pac. 958; *Ziska v. Ziska et al.,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449. Applying the test to the question under dis-

cussion, by the withdrawal of all the evidence most favorable to the demurrant, which is the evidence of Mr. Rose as to shortage, we are convinced that the evidence supports the allegations of the petition and is sufficient as against a demurrer thereto.

The same question is raised under the last assignment of error, wherein it is urged that the court erred in refusing to grant a new trial on the ground that the judgment was contrary to the evidence. The vital question which underlies all the argument advanced is whether the goods were shipped by the consignor to itself at Oklahoma City; but this condition is not shown by the plaintiff's evidence.

Under the first assignment it is argued that the contract involved the right of inspection and refusal if the melons were not according to the contract, citing the case of *St. Louis & S. F. R. Co. v. Allen*, 31 Okla. 248, 120 Pac. 1090, 39 L. R. A. (N. S.) 309. This case is not decisive of any point raised in the instant case. There was no evidence offered by the plaintiff that the car was consigned by the plaintiff to itself at Oklahoma City; and, in the absence of such a showing, the rule is that, where the goods, in pursuance of an order, were delivered to a carrier to be delivered to the buyer, the carrier is presumed to act as agent of the buyer, and delivery to the carrier is delivery to the buyer.

It is next urged that the demurrer to the evidence should have been sustained because there was no competent evidence as to damages. There was evidence that the contract price of this car of melons was $120, and that on account of the refusal of the defendant to accept the melons they were sold for $55. This was some evidence

of the damages sustained, sufficient to carry the question to the jury.

The judgment should therefore be affirmed.

By the Court: It is so ordered.