**TAYLOR, Adm'r, v. ENID NATIONAL BANK et al.**

No. 9148—Opinion Filed Dec. 2, 1919.

Rehearing Denied Jan. 6. 1920.

(Syllabus by the Court.)

**1. Appearance — Special Appearance—General Appearance.**

Where a defendant appears specially and objects to the jurisdiction of the court for the reason that the action has been brought in a county other than where the defendant resides, by fraudulently making another party defendant, who resides in the county where the action is brought, and the motion to quash and dismiss the action is overruled, the defendant may file his answer and proceed to trial, and this will not be held a general appearance, but where, in his answer, he asks affirmative relief, it is a general appearance, and he thereby waives all objections to the service of the summons, and subjects himself to the jurisdiction of the court for all purposes.

**2. Trial—Demurrer to Evidence.**

The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

P. W. Cress and H. E. St. Clair, for plaintiff in error.

F. L. Boynton and John F. Curran, for defendants in error.

Action by Enid National Bank (A. F. Westlake, substituted plaintiff) against S. A. Moore and others. Judgment for plaintiff against the defendant named, and he appealed. Upon death of Moore, cause revived in name of J. M. Taylor, administrator. Reversed and remanded.

McNEILL, J. This action was commenced in the district court of Kingfisher county by the Enid National Bank against James A. Sprague, S. A. Moore, Farmers and Merchants National Bank of Hennessey, and A. W. Westlake to recover upon a promissory note executed by James A. Sprague and S. A. Moore to S. N. Brees. Moore was served with summons in Noble county, and James A. Sprague was never served with a summons, and the case was dismissed as to the Farmers and Merchants National Bank of Hennessey, and during the proceedings, A. W. Westlake was substituted as party plaintiff, and the action when tried was between A. W. Westlake as plaintiff and S. A. Moore as defendant. Moore first filed a motion to dismiss the petition for the reason that it was fraudulently brought in Kingfisher county in that A. W. Westlake and Farmers National Bank of Hennessey were not real parties in interest, but were only made parties defendant for the fraudulent purpose of suing the defendant Moore in a county other than his residence, he being a resident of Noble county. The motion was overruled and the defendant Moore filed his answer and cross petition.

The first defense relied upon was that the court had no jurisdiction for the reason that Moore resided in Noble county and was served in Noble county, and the action was fraudulently brought in Kingfisher county.

The second defense was failure of consideration, on account of fraud practiced by S. N. Brees at the time of procuring said note: The answer is very long and the substance of the defense of fraud and failure of consideration relied upon was that said note was given as a part payment for a stock of merchandise purchased or traded for by James A. Sprague from S. N. Brees, and that Moore was a surety on said note; that at the time of purchasing said goods the said Brees represented that the stock of goods were all marked with the original wholesale price, without any addition for freight, and it was agreed that the stock would be valued at the cost mark price then on said goods; and further alleged that S. N. Brees fraudulently changed said cost price on the goods without the knowledge and consent of Sprague or Moore, and in that way and manner increased the value of said goods. That the difference in value in the invoice as agreed to, and the value as shown by the fraudulent invoice, caused by the fraud practiced by S. N. Brees amounted to over $3,000.-00.

The answer further alleged that the plaintiff Westlake purchased the note with knowledge and had notice of the defense of S. A.

Moore to the same. There are numerous other defenses alleged, but it is unnecessary to consider them at this time. The plaintiff filed a reply which was in substance a general denial. A jury was empaneled to try the case, and upon the trial thereof, the defendant Moore assumed the burden of proof. After introducing his evidence, the attorneys for Westlake, the substituted plaintiff, demurred to the evidence offered by the defendant, which demurrer was by the court overruled. Westlake then introduced his evidence and the defendant Moore introduced his evidence in rebuttal. At the close of the evidence the court instructed the jury to return a verdict for the plaintiff Westlake and against defendant Moore for the amount of said note. The jury retired and after deliberation for some time failed to agree upon a verdict and the jury was brought into the court room and the judge withdrew his instruction from the jury wherein they were directed to return a verdict for the plaintiff Westlake, and then plaintiff filed a demurrer to the evidence. Whereupon the court discharged the jury and sustained the demurrer to the evidence of the defendant Moore and rendered judgment in favor of Westlake and against Moore. Proper exceptions were taken to the rulings of the court.

The defendant Moore filed a motion for new trial, which was overruled, and has perfected his appeal to this court. The death of S. A. Moore was suggested, and the cause has been revived in the name of J. M. Taylor, administrator of the estate of S. A. Moore.

For reversal the plaintiff in error alleges numerous assignments of error, but we deem it only necessary to consider two.

First, did the court ever acquire jurisdiction of the defendant Moore, and was said action fraudulently brought in Kingfisher county against Westlake to enable suit to be brought against Moore in a court other than where Moore resided. There might be some merit to this assignment of error if the defendant Moore had not waived the same.

The case was dismissed by plaintiff on June 21, 1915, and on June 24, 1915, the defendant Moore filed a motion to set aside said dismissal for the reason that the judge who dismissed the case was disqualified, and for the further reason that the defendant Moore was asking for affirmative relief and had a counterclaim pending in said action, and the court could not dismiss the counterclaim, over the objection of defendant Moore, and upon defendant's motion the action dismissing the case was set aside and the case

was reinstated. If there was any question regarding the jurisdiction of the court in the first instance, the defendant Moore waived the same by filing a cross-petition and asking for affirmative relief. Having taken the position in the lower court that his answer was a cross-petition and that he was entitled to affirmative relief, he is bound by that position in this court. This court in the case of Shufeldt v. Jefcoat, 50 Okla. 790, 151 Pac. 595, state the rule as follows:

"Where a defendant appears specially and objects to the jurisdiction of the lower court by reason of defective service of summons, and his motion to quash is overruled, he may file his answer and proceed to trial, and this will not be held a general appearance, but where, in his answer, he seeks affirmative relief, it is a general appearance, and he thereby waives all objections to the service of the summons, and subjects himself to the jurisdiction of the court for all purposes."

We think the defendant Moore waived any error that might be predicated upon this ruling of the court.

The second question for determination is, did the court commit error in sustaining the demurrer to the evidence offered on behalf of the defendant? Upon the question of whether the note was obtained by fraud and whether Brees had fraudulently changed the cost mark thereby increasing the value of the goods some $3,000.00 more than the actual cost price was, the defendant, to support this allegation of the petition, introduced the deposition of Mr. Gilliland, who was a clerk in the store of Mr. Brees at the time the goods were invoiced and had been a clerk prior thereto. It is unnecessary to set out this evidence, but sufficient to say that it was sufficient to support this allegation of the petition, and sufficient to support the contention that the goods were invoiced at approximately $3,000.00 more than the actual invoice price of the goods. Moore testified that in the latter part of June, 1912, after the note was executed and before same became due, Mr. Westlake, who resided at Hennessey, Okla., called Mr. Moore, who resided at Perry, Okla., over the telephone and inquired of him, if he was the S. A. Moore who had given the note to Mr. Brees and if the note was all right and if the same would be paid when due, saying he, Westlake, or his bank, was expecting to buy the note. Mr. Moore testified that he informed Mr. Westlake that the note was obtained by fraud, misrepresentations, forgery and duress, and that he did not intend to pay the note.

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be rea-

sonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant."

T. H. Rogers Lumber Co. v. M. W. Judd Lumber Co., 52 Okla. 387, 153 Pac. 149 ; Rose v. Woldert Gro. Co., 54 Okla. 566, 154 Pac. 531 ; Bean v. Rumrill, 69 Oklahoma, 172 Pac. 452 ; Petroleum Iron Works Co. v. Bullington, 61 Oklahoma, 161 Pac. 538 ; Edmisson v. Drumm Flato Com. Co., 13 Okla. 440, 73 Pac. 958 ; Ziska v. Ziska et al., 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1 ; Shawnee Light & Power Co. v. Sears, 21 Okla. 13, 95 Pac. 449.

By applying the above rule to the evidence introduced on behalf of the defendant, it admits that the testimony of Mr. Moore and Mr. Gilliland is true, therefore it was error for the court to sustain a demurrer to the evidence. While there were some 700 pages of testimony introduced and the plaintiff denied that he had any conversation with Mr. Moore and evidence was introduced to contradict the testimony of Mr. Gilliland, yet this would not warrant the court in sustaining a demurrer to the evidence of the defendant. When the plaintiff demurred to the evidence of the defendant, it withdrew from the consideration of the court the evidence offered by the plaintiff which contradicted said statements and admitted the testimony of the defendants to be true. Admitting this evidence to be true, it was error for the court to sustain the demurrer of plaintiff as the defendant was entitled to have the issues submitted to the jury. It is unnecessary to consider any of the other assignments of error or the questions involved in this case.

For the reasons stated, the judgment of the court is reversed and remanded with instructions to grant the plaintiff in error a new trial.

PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.