## GOAR v. BROWN.

No. 12345—Opinion Filed July 12, 1921.

(Syllabus.)

**1. Elections—Illegality of Ballots—Presumption and Burden of Proof.**

Where an election is held by duly appointed officers, the presumption is that the votes received and counted by them are legal, and the burden is on the party attacking the same to show their illegality.

**2. Same.**

Where it is sought to review the validity of an election on the ground of illegal voting, those seeking to overcome the result as declared by the election officers have the burden of proving, not only that illegal votes were cast in sufficient number to change the result, but by whom and for whom, or for

what issue or question submitted, such votes were cast.

**3. Trial—Demurrer to Evidence—Consideration.**

A demurrer to the evidence admits the truth of all the evidence adduced and all facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom, and when, so considered, the evidence is insufficient to entitle the plaintiff to the relief prayed for and the defendant presents a demurrer thereto, it is the duty of the trial court to sustain the demurrer and dismiss the plaintiff's petition.

**4. Elections—Contest for Office—Judgment—Affirmance.**

Record examined, and the judgment of the trial court affirmed.

Error from Superior Court, Pottawatomie County; Leander J. Pitman, Judge.

Action by A. W. Goar against Elmer E. Brown to cancel election certificate. Judgment for defendant, and plaintiff brings error. Affirmed.

T. G. Cutlip and F. H. Reily, for plaintiff in error.

Lydick & Arrington, for defendant in error.

JOHNSON, J. On the 18th day of December, 1920, A. W. Goar, as plaintiff, commenced his action against Elmer E. Brown, defendant, to cancel an election certificate issued to the defendant by the county election board of Pottawatomie county, disclosing that the defendant at the November election, 1920, had been elected to the office of county commissioner for commissioner's district No. 2 in said county.

For convenience, the parties will hereinafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

The allegations of the plaintiff and the proof offered by the plaintiff in support thereof disclose that in the August primary, 1920, the plaintiff became the nominee of the Democratic party and the defendant became the nominee of the Republican party for the office of county commissioner of the Second commissioner's district in and for Pottawatomie county, Oklahoma, and one Mr. Van Meter became the nominee of the Socialist party for such office, and that such candidates were voted for for such office at the election held on the 2nd day of November, 1920, and that on the face of the returns the plaintiff received 1,548 votes and the defendant received 1,567 votes, thereby disclosing on the face of the returns that the defendant had received a majority over the plaintiff for

said office of 19 votes; that thereafter, on the 4th day of November, 1920, the county election board, after canvassing returns of the various election precincts in such commissioner's district, issued and caused to be delivered to the defendant a certificate of election disclosing that he was elected to said office and was entitled to the use, possession, and emoluments thereof during the ensuing two years.

The cause was tried to the court, and at the conclusion of said trial on the 14th day of March, 1920, the court sustained the demurrer of the defendant to the evidence of the plaintiff and rendered a judgment dismissing the cause at the cost of the plaintiff, to reverse which judgment the plaintiff has regularly commenced this proceeding in error, assigning as error: (1) Overruling plaintiff's motion for new trial; (2) in sustaining the defendant's demurrer to the evidence; (3) in dismissing said cause at the cost of the plaintiff and entering judgment against him; (4) in rendering judgment on said demurrer in favor of the defendant, and in not rendering judgment canceling certificate of election in favor of the plaintiff; (5) in ruling out and refusing to admit competent and material testimony offered by the plaintiff; (6) in denying the plaintiff's application to open the ballot boxes of the precincts involved; (7) in sustaining the demurrer of the defendant to the evidence of the plaintiff; (8) refusal of the court to permit plaintiff to file an amended petition to conform with the proof offered at the close of the trial; (9) in refusing and denying the plaintiff's right to amend his petition to the effect that there were 389 ballots deposited in said box No. 3, Burnett township, by the voters therein, and only 325 were accounted for by the election officer, and that the uncounted ballots so cast and received by the election officials were cast for the plaintiff, but were not counted for him.

The plaintiff's assignments of error will be considered together under the propositions, Did the trial court err in sustaining the demurrer to the evidence of the plaintiff, and in dismissing the plaintiff's cause of action at his cost? The test to be applied to the action of the trial court is announced in the case of Taylor, Adm'r, v. Enid Nat. Bank, 77 Okla. 74, 186 Pac. 232, as follows:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which

is most favorable to the demurrant." T. H. Rogers Lumber Co. v. M. W. Judd, 52 Okla. 387, 153 Pac. 150; Rose v. Woldert Gro., 54 Okla. 566, 154 Pac. 531; Bean v. Rumrill, 69 Oklahoma, 172 Pac. 452; Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538.

A brief summary of the allegations of the plaintiff's petition is, in effect, that while the returns of the precinct election officers in the commissioner's district showed that plaintiff received 19 less votes than the defendant, and while the certificate of election had been issued to the defendant by the county election board, nevertheless the plaintiff was duly elected to the office of county commissioner and should have received a certificate of election; that persons were listed as voting in that election who were dead, nonresidents of the precincts, and disqualified voters, and that such persons so listed as voting did vote for the defendant, and in such numbers that if the votes were disregarded the plaintiff would be entitled to the certificate of election. To sustain the allegations it was necessary, first, that the plaintiff prove that a sufficient number of disqualified voters to change the result were permitted to vote by the election officers; and, second, that such voters voted for the defendant. Such is the rule announced by this court in the case of Dunagan v. Town of Red Rock, 58 Okla. 218, 158 Pac. 1170, in the following language:

"Where an election is held by duly appointed officers, the presumption is that the votes received and counted by them are legal, and the burden is on the party attacking the same to show their illegality.

"Where it is sought to review the validity of an election on the ground of illegal voting, those seeking to overcome the result as declared by the election officers have the burden of proving, not only that illegal votes were cast in sufficient number to change the result, but by whom and for whom, or for what issue or question submitted, such votes were cast.

"Evidence tending to show that certain voters were reputed as favorable to a particular proposition voted upon at a special local election, and that one of them, the editor of a local newspaper, throughout the columns of his paper supported said proposition, is incompetent to prove how said voters in fact voted."

See, also, Cobb v. Berry, 67 Oklahoma, 168 Pac. 46; Allen v. Wildman, 38 Okla. 652, 134 Pac. 1102; Snyder v. Blake, 35 Okla. 294, 129 Pac. 34.

We have carefully examined the entire record, and find that there was an entire

want of evidence to meet this burden of the plaintiff. The trial court properly refused to allow the plaintiff to amend his petition at the close of the trial, because the proof did not warrant such amendment, in that it did not support the allegations constituting such amendment, but, in effect, for the most part, was in conflict therewith.

We think that the evidence of the plaintiff was not sufficient to entitle the plaintiff to the relief prayed for, and that the trial court did not commit error in sustaining the demurrer of the defendant thereto, and in dismissing the plaintiff's petition.

The judgment is affirmed.

PITCHFORD, V. C. J., and KANE, MILLER, and KENNAMER, JJ., concur.