**BRONAUGH et al. v. JOHN et al.**

No. 10917—Opinion Filed Dec. 4, 1923.

(Syllabus.)

1. **Appearance — Waiver of Special Appearance.**

Where defendant in an action filed a special appearance and motion to dismiss for want of jurisdiction of their persons, but, without obtaining the ruling of the court thereon. filed a demurrer on nonjurisdictional grounds, such act on their part was a waiver of such special appearance, and constituted a general appearance in the action, and gave the court general jurisdiction over them for all purposes of the litigation.

2. **Limitation of Actions — When Statute Begins to Run — Action for Breach of Deed Covenants—"Eviction."**

The statute of limitations does not begin to run on a cause of action against a grant-

or in a general warranty deed for damages resulting from a breach of general covenants of title or general warranty of title, until an eviction, either actual or constructive, has occurred. An adjudication that an outstanding title is paramount amounts to a constructive eviction, and the statute of limitations will run against a cause of action for the breach of the covenants from the time of such adjudication.

**3. Same.**

Where a grantee in a general warranty deed executed to him by parties who had no title to the land attempted to be conveyed, was, during the progress of an action against him by the owners of the land for the recovery thereof, compelled to purchase such land from the true owners, in order to prevent an eviction, and to protect his warranty of title theretofore given, this was equivalent to an adjudication that the outstanding title was paramount and the statute of limitations did not begin to run until such purchase.

Error from District Court, Jefferson County: Cham Jones, Judge.

Action in ejectment by Edward, Jimmie, and Susan John, minors, by Melissa John, their next friend, against W. B. Sies, Susie Sies, Moses LeFlore, T. J. Cole, V. Bronaugh, and M. C. Mhoon, in which T. J. Cole filed cross-petition against Bronaugh and Mhoon. From a judgment in favor of Cole, Bronaugh and Mhoon have appealed. Affirmed.

V. B. Hayes, for plaintiffs in error.

Green & Pruet, for defendants in error.

NICHOLSON, J. This action was instituted by Edward, Jimmie, and Susan John, minors, by Melissa John, their next friend, as plaintiffs, against W. B. Sies, Susie Sies, and Robert E. Lee, defendants, to recover the possession of certain lands located in Jefferson county.

The plaintiffs alleged that they acquired title to said lands by inheritance from Sarah LeFlore, deceased. Afterwards, the plaintiffs filed an amended petition making Moses LeFlore, V. Bronaugh, T. J. Cole, and M. C. Mhoon parties defendant, and later filed a second amended petition, to which the defendants Bronaugh and Mhoon filed their separate demurrer. This demurrer was by the court overruled, and thereupon they filed answer, in which, after denying each and every allegation in said petition contained, they averred that they had never been in actual possession of the land and had never received any rents or profits therefrom, having sold and conveyed their interest in said land to T. J. Cole on the 27th day of April, 1908. Afterward, T. J. Cole filed his answer and cross-petition

against the defendants Bronaugh and Mhoon, in which he sought to recover of them the sum of $2,415, upon the warranty contained in the deed of April 27, 1908, by which they conveyed the lands involved to him. Upon the filing of this cross-petition, Bronaugh and Mhoon filed a special appearance, and moved to dismiss the cause on the grounds that the court had no jurisdiction of the cause of action attempted to be set up in said cross-petition, and that the court had no jurisdiction of the defendants because no summons had been issued or served on them on said cross-petition. Afterwards, and without obtaining a ruling of the court on their special appearance and motion to dismiss, the defendants Bronaugh and Mhoon filed their demurrer to said cross-petition on the grounds that the cause of action alleged in said cross-petition was barred by the statute of limitations, and that said cross-petition did not state facts sufficient to constitute a cause of action against them. This demurrer was by the court overruled, whereupon they filed answer, in which they averred that the court was without jurisdiction of their persons or of the subject-matter of the action, and in which various defenses were pleaded, among them being that the cause of action set out in said cross-petition was barred by the statute of limitations. After a reply to said answer had been filed, the cause proceeded to trial on the issues between the defendant Cole and the defendants Bronaugh and Mhoon, which trial resulted in a judgment in favor of Cole, and against Bronaugh and Mhoon, for the sum of $1,800, to review which this proceeding in error is instituted.

Two questions are presented: First, that the court had no jurisdiction of Bronaugh and Mhoon, since they reside in Choctaw county, and were not served with process in Jefferson county; and, second, that the cause of action set out in the cross-petition is barred by the statute of limitations.

In support of the first contention, it is argued that the cause of action of Cole against Bronaugh and Mhoon is a personal action, is in no way connected with the land involved, and venue of said action was in Choctaw county, the place of residence of the defendants, and they could not be sued in Jefferson county, unless they, or one of them, had been served with process in that county.

Conceding that an action for breach of warranty of title to real estate is a transitory action, such an action may be brought in the county in which the defendants or some one of the defendants reside, or may be summoned. Section 4679, Rev. Laws 1910 (section 207, Comp. Stat. 1921). The

purpose of a summons is to acquire jurisdiction of the person of the defendant, but he may waive the issuance and service thereof and enter his voluntary appearance in the cause, and when this has been done, it is equivalent to service (sec. 242, Comp. Stat. 1921): and an appearance in an action by a defendant for any purpose other than to contest the jurisdiction of the court will give the court general jurisdiction over such person for all purposes of the litigation. Burnham v. Lewis, 65 Kan. 48, 70 Pac. 337; Nichols & Shepard Company v. Baker, 13 Okla. 1, 73 Pac. 302; St. Louis Cordage Mills v. Western Supply Company, 54 Okla. 757, 154 Pac. 646; Taylor, Adm'r, v. Enid National Bank, 77 Okla. 74, 186 Pac. 232.

In this case Bronaugh and Mhoon were made parties defendant by the plaintiffs; they did not question the jurisdiction of the court in the first instance, but demurred to the petition on nonjurisdictional grounds, and after this demurrer had been overruled, filed answer; afterwards, the defendant Cole filed his answer and cross-petition, in which he pleaded a breach of warranty by Bronaugh and Mhoon, and alleged damages resulting therefrom. Bronaugh and Mhoon then for the first time questioned the jurisdiction of the court by filing what they denominated a special appearance and motion to dismiss; but before this motion was acted upon by the court, they filed a demurrer to said cross-petition on nonjurisdictional grounds, thereby waiving their special appearance, and by so waiving their special appearance and filing the demurrer on nonjurisdictional grounds, they entered their general appearance in said cause, and the court had jurisdiction of them for all purposes of the litigation. City National Bank v. Sparks, 50 Okla. 648, 151 Pac. 225; Trugeon v. Gallamore, 28 Okla. 73, 117 Pac. 797; Clarkson v. Washington et al., 38 Okla. 4, 131 Pac. 933, and cases cited, supra. The averment in their answer that the court was wholly without jurisdiction of the persons of the defendants is of no avail, as they had already voluntarily subjected themselves to the jurisdiction of the court.

In support of their contention that Cole's cause of action was barred by the statute of limitations, plaintiffs in error refer to certain testimony to the effect that suit was brought against Cole in the United States District Court for the Eastern District of Oklahoma, in one of what was known as the "Thirty Thousand Land Suits," involving the land here involved, and that, acting on the advice of counsel, Cole procured, and got Mhoon and Bronaugh, to procure, a new deed, and had it approved by the county court of Choctaw county, this transaction taking place in April, 1909; and it is argued that this was sufficient to put Cole on notice of the defect in his title; that he, at that time, had a cause of action for breach of warranty if he has any at this time, and as the present action was not commenced until August 31, 1917, the day the cross-petition was filed, that same is barred by the statute of limitations. No authority is cited in support of this proposition, and we doubt if any adjudicated case can be found sustaining the contention made.

Whatever may be the rule in other jurisdictions, this court is committed to the doctrine that as to general covenants of title or general warranty of title, eviction, actual or constructive, is necessary to set in motion the statute of limitations, and where the grantee takes and remains in the undisturbed possession of land conveyed by a general warranty deed, which is afterwards canceled by the final judgment of a court of competent jurisdiction, the statute of limitations does not begin to run in favor of the grantor on the warranty of title until after the date of said judgment. Rennie v. Gibson, 75 Okla. 282, 183 Pac. 483. An adjudication that an outstanding title is paramount amounts to a constructive eviction, and the statute of limitations will run against the cause of action upon the covenant of warranty from the time of such adjudication. Finton v. Eggleston, 61 Hun, 246, 16 N. Y. Supp. 721.

The trial court found that the plaintiffs and the defendant Moses LeFlore were the owners of the land involved; that Bronaugh and Mhoon never had any title thereto, and conveyed none to Cole; that, during the progress of this action, it became necessary for Cole to purchase the title of plaintiffs and the defendant Moses LeFlore the owners of said land in order to protect his warranty theretofore given and the lien held by him on said premises.

The record discloses that he purchased such land from the owners thereof in August, 1917, in order to prevent an eviction under a paramount title. This was equivalent to an adjudication that the outstanding title was paramount, and the statute of limitations did not begin to run until said time.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, BRANSON, and HARRISON, JJ., concur.