### BLACKWELL MILLING & ELEVATOR CO. v. CANNON.

No. 12575—Opinion Filed Feb. 12, 1924.

Rehearing Denied March 25, 1924.

1. **Appearance—Jurisdiction — Waiver of Objection.**

In Lincoln county plaintiff sued a domes-

tic corporation situated and served with summons in Kay county. Wherefore defendant entered special appearance in motion to quash. Without invoking a ruling of the court thereon, defendant filed general demurrer, and thereafter an answer. Held, that the defendant voluntarily submitted to the jurisdiction of the court on the merits of the cause by filing such demurrer; that thereby a general appearance was entered and defendant cannot complain that its rights were tried in the wrong forum.

**2. Appeal and Error—Disposition of Cause.**

Held, the record discloses that the judgment is not clearly against the weight of the conflicting evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Lincoln County; Edward Dewes Oldfield, Judge.

Action by H. Cannon against Blackwell Milling & Elevator Company, a corporation. Judgment for plaintiff. Defendant appeals. Affirmed.

J. E. Coburn, for plaintiff in error.

Foster & Feuquay, for defendant in error.

Opinion by ESTES, C. Defendant in error, Cannon, as plaintiff, sued plaintiff in error, Blackwell Milling & Elevator Company, as defendant, and two railway companies, in the district court of Lincoln county for shortage on a car lot shipment of flour and feed stuffs. Parties will be referred to as they thus appeared in the trial court. By the contract or order on which plaintiff declared, the products were to be delivered f. o. b. Blackwell in Kay county, where defendant, a domestic corporation, was situated and served with summons. Defendant made special appearance in motion to quash for that the summons was not issued, served, and returned as the law provided. Without obtaining ruling thereon, defendant filed a general demurrer. Demurrers of all defendants were then sustained. Thereupon plaintiff filed amended petition against defendant milling company only, alleging also that the sacks of such products sued for were not in fact delivered and shipped by defendant. This averment, being essential to the cause of action under the contract, was not contained in the original petition. Thereupon defendant filed answer of general denial, to the amended petition. On verdict of jury, judgment was for plaintiff for the amount claimed and interest. Defendant appeals.

1. It is first assigned that defendant, not having been domiciled or served in Lincoln county, could not be sued in that county; that the railway companies having been dismissed from the case, the court was without jurisdiction. Although sued in the wrong county, by demurring to the petition on the merits and then answering the amended petition, defendant entered general appearance. Defendant cannot be heard to complain that its rights were tried in the wrong forum. Valley Abstract Co. v. Page, 42 Okla. 365, 141 Pac. 416.

2. It is contended that the court erred in overruling motion of defendant for judgment. In support thereof it is urged that since the products were to be delivered by defendant f. o. b. Blackwell, plaintiff's evidence failed to show that the whole amount purchased and paid for was not thus delivered. Plaintiff paid sight draft for the whole amount and received bill of lading several days before the car arrived at Chandler in Lincoln county. There is positive evidence in the record that the sacks were checked by defendant at Blackwell and that the quantity sold and paid for by plaintiff was in fact delivered to the carrier at that place. The evidence is conclusive that said car arrived at Chandler without the seals being broken, the doors opened, or the contents disturbed until opened by plaintiff's agents. There is positive evidence that plaintiff by his agents checked and counted the sacks when same were removed from the car at Chandler, and that such shipment was short the number of sacks claimed. The verdict for plaintiff is thus not clearly against the weight of the conflicting evidence. It is well known that the judgment, in such case, cannot be disturbed here. Pool et al v. Burger Bros., 56 Okla. 268, 155 Pac. 1144. The brief instructions of the court were to the effect that the verdict should be for the plaintiff for such shortage, if the jury found and believed from the evidence that the said shipment was short at the time same was delivered and consigned at Blackwell. Both sides tried the case on this theory, which was correct under the contract. It is not necessary to observe the other errors assigned.

There being no error in the record, judgment of the trial court should be and is affirmed.

By the Court: It is so ordered.