## PINE v. HILL, Judge, et al.

No. 23174. Opinion Filed July 6, 1932.

Rehearing Denied July 27, 1932.

Hiatt & Hannigan, B. M. Parmenter, C. B. McCrory, and Harlan Grimes, for petitioner.

John H. Todd and Ledbetter, Stuart, Bell & Ledbetter, for respondents.

ANDREWS, J. This is an original proceeding in this court by the petitioner in which he seeks a writ of prohibition directed to the district court of Oklahoma county, Robert L. Edwards, administrator of the estate of Bonnie Edwards and Sonny Boy Edwards, deceased, Charley Breedlove, as administrator of the estate of Virgie Breedlove, et al., deceased, Tom Blakey, as administrator of the estate of Nellie Blakley, deceased, commanding them to refrain from further proceedings in causes numbered 63957, 63954, and 63958 in that court. The basis of the action is that that court does not have jurisdiction over the person of the petitioner.

The three actions in the district court were instituted against the Shell Petroleum Corporation, the Gypsy Oil Company, and the petitioner, as joint tort-feasors. The petitioner was served with a summons in each case in Okmulgee county, which is the county of his residence. The actions were dismissed as to the Shell Petroleum Corporation and the Gypsy Oil Company. Thereupon the petitioner moved to dismiss the actions against him on the ground that the dismissal of the actions as to his joint defendants terminated the court's jurisdiction over him. Those motions were overruled.

The sole question presented here is: Has the district court of Oklahoma county jurisdiction over the person of the petitioner in the three actions? The respondents contend that the actions were properly commenced in Oklahoma county; that proper service of summonses was had upon defendants other than the petitioner; that thereby the court was authorized to issue summonses for the petitioner, directed to the sheriff of Okmulgee county; that upon service of those summonses, the court acquired jurisdiction over the person of the petitioner; that the settlement of the cases between the plaintiffs and the defendants other than the petitioner did not operate to oust the jurisdiction of the court over the person of the petitioner, and that the petitioner entered a general appearance in the three cases.

The actions were properly brought in the district court of Oklahoma county under the provisions of section 117, O. S. 1931 (section 207, C. O. S. 1921), and the summonses were properly issued to Okmulgee county for the petitioner. Section 167, O. S. 1931 (section 234, C. O. S. 1921); Whitehead v. Cox, 95 Okla. 198, 218 P. 867, and Miller v. Thompson, 119 Okla. 171, 249 P. 308. Had the petitioner objected to the jurisdiction of the court over his person in the three actions without entering an appearance therein, he might have defended the actions without waiving his objections to the jurisdiction of the court over his person. Wm. Cameron & Co. v. Consolidated School Dist. No. 1, 44 Okla. 67, 143 P. 182, and Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 P. 535. But if he entered an appearance therein, he cannot thereafter contend that the district court did not have jurisdiction over his person. Wm. Cameron

& Co. v. Consolidated School Dist. No. 1, supra, and Commonwealth Cotton Oil Co. v. Hudson, supra. We are thus confronted with the question of whether or not the petitioner entered a general appearance in the actions.

From the record it appears that the petitioner made a special appearance in each of the actions and moved to quash the summons served upon him in each of the actions upon the ground that all of the summonses served upon him appeared therefrom to be served in Oklahoma county, whereas he and his place of residence and domicile were in Okmulgee county, and he was not, in fact, served in Oklahoma county. Thereafter the returns of the sheriff of Okmulgee county were amended to show service upon the petitioner to have been made in Okmulgee county by the sheriff of Okmulgee county. Thereafter the petitioner demurred in each of the actions, the grounds of the demurrers being that the court had no jurisdiction over the person of the petitioner; that the court had no jurisdiction over the subject-matter of the action; that several causes were improperly joined; that the plaintiffs had no legal capacity to sue, and that the petitions did not state facts sufficient to constitute causes of actions in favor of the plaintiffs and against the petitioner. There were similar demurrers to the first amended petition. The petitioner then filed answers. The prayers were that the plaintiff take nothing and that the petitioner "go hence without day and have such relief as he may show himself entitled to with the costs of this action taxed against the plaintiff." It is evident that the petitioner did more than defend the actions as he was authorized to do under the decisions of this court without entering a general appearance and that he voluntarily demanded affirmative relief, something that he could not do without invoking the jurisdiction of the court.

The decision of this court in Fisher v. Fiske, 96 Okla. 36, 219 P. 683, is based on a record that showed a timely challenge to the jurisdiction of the court over the person of the defendants and no entry of appearance therein. That decision is in no wise controlling as to the facts presented by the record in this case. The decision in this cause is controlled by the decisions in Nichols & Shepard Co. v. Baker, 13 Okla. 1, 73 P. 302; F. C. Austin Mfg. Co. v. Hunter, 16 Okla. 86, 86 P. 293; Rogers v. McCord-Collins Merc. Co., 19 Okla. 115, 91 P. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114

P. 738; City Nat. Bank v. Sparks, 50 Okla. 648, 151 P. 225; St. Louis Cordage Mills v. Western Supply Co., 54 Okla. 757. 154 P. 646; Taylor v. Enid Nat. Bank, 77 Okla. 74, 186 P. 232; Kirk v. McClendon, 94 Okla. 33, 220 P. 949; Bronaugh v. John, 96 Okla. 164, 221 P. 32; Blackwell Milling & Elevator Co. v. Cannon, 98 Okla. 154, 224 P. 342; Clem Oil Co. v. Oliver, 106 Okla. 22, 232 P. 942; In re Widener's Estate, 112 Okla. 54, 240 P. 608; Webster v. Crump, 117 Okla. 244, 246 P. 423; Bristow v. Scott, 124 Okla. 89, 254 P. 16; Jameson v. Harvel, 139 Okla. 39, 280 P. 1080; Nolan v. Schaetzel, 145 Okla. 281, 292 P. 353, and many other decisions of this court. Under the rules therein stated, the petitioner voluntarily entered an appearance in the three actions.

We find no error in the judgment of the trial court. The alternative writ is vacated and the application for the writ is denied.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.