[No. 18335.   In Bank.—April 5, 1895.]

## THE PEOPLE EX REL. S. H. BOARDMAN, APPELLANT, v. THE TOWN OF LINDEN, RESPONDENT.

MUNICIPAL CORPORATIONS — VALIDITY OF ORGANIZATION — SUBSTANTIAL COMPLIANCE WITH STATUTE — QUO WARRANTO. — While substantial compliance with the statute in the organization of a municipal corporation is sufficient, yet, where any important provisions of the law have been violated or ignored, the corporation may be annulled at suit of the people in an action of *quo warranto.*

ID.—TIME OF PRESENTING PETITION—PUBLICATION OF NOTICE—CONSTRUCTION OF STATUTE.—The proper construction of section 2 of the statute of 1883, as amended in 1889, respecting the formation of municipal corporations, does not require that the petition describing the territory to be incorporated, and signed by at least fifty qualified electors of the county, resident within the limits of such territory, should be presented to the board in the first place before the publication of notice; but it is only required to be presented to the board of supervisors after two weeks' notice by publication of the time when it will be presented.

ID.—INSUFFICIENT AFFIDAVIT TO PETITION—GENUINENESS OF SIGNATURES. An affidavit attached to a petition for the organization of a municipal corporation which merely shows that the names attached to the petition were names of qualified electors, resident within the limits of the proposed corporation, but which does not show that their signatures were genuine, is radically defective; and if it does not appear that there was any evidence offered before the board of supervisors, or before the court, of the genuineness of the signatures other than the affidavit attached to the petition, there is no evidence to sustain a finding that the petition was in fact signed by fifty qualified petitioners, and there was a failure, in a substantial particular, to comply with the statute.

ID.—JURISDICTION OF BOARD TO ESTABLISH CORPORATION.—It is absolutely essential to the jurisdiction of the board to make an order declaring the

establishment of the corporation that a proper petition, signed by the requisite number of qualified petitioners, should be laid before them, involving proof of the genuineness of the signatures attached to the petition, and filed with it; and where no evidence was placed before the supervisors of the genuineness of the signatures of a sufficient number of qualified petitioners, and there is no finding or declaration of that fact by the board, it had no jurisdiction to declare the establishment of the corporation.

ID.—LOSS OF JURISDICTION—ADJOURNMENTS OF HEARING—HOURS NOT SPECIFIED.—If the board of supervisors has acquired jurisdiction of a preceeding to establish a proposed municipal corporation it does not lose it by adjournments of the hearing from time to time merely because in the orders of adjournment the hour of the day for resuming the hearing was not specified.

ID.—PUBLICATION OF ORDER—ORDINANCE NOT REQUIRED.—If an order of the board establishing boundaries, and providing for a submission of the question of incorporation to the people is otherwise valid, it is not invalidated by failure to publish the order as an ordinance; but such orders are not ordinances governed as to their enactment by the provisions of the County Government Act, but are orders to be entered on the minutes of the board in accordance with the provisions of the statute regulating this particular proceeding.

ID.—MANNER OF GIVING NOTICE OF ELECTION—UNAUTHORIZED DELEGATION OF POWER TO CLERK.—The board of supervisors are required to direct as to the manner and time of giving notice of the election, whether in a newspaper or by posting, and they cannot delegate to the clerk power or discretion to determine what the notice shall be; and an order delegating such power or discretion is not a substantial compliance with the statute.

ID.—DESCRIPTION OF BOUNDARIES—APPARENT MISTAKE IN DESIGNATION OF CORNER.—The fact that the description of the boundaries in the notice is ambiguous by reason of a mistake in the call for a corner does not vitiate the description where the other calls show conclusively that another corner was meant.

ID.—COMPLETION OF CORPORATION—FILING OF CERTIFIED COPY OF ORDER OF SUPERVISORS—REMEDY FOR FAILURE—PROCEEDINGS FOR DISSOLUTION.—A certified copy of the order of the board of directors declaring a municipal corporation duly incorporated must be filed in the office of the secretary of state, and such filing is essential to the completion of the corporation, and, until it is filed, there is no corporation; but the failure to file such certified copy with the secretary of state may be remedied pending the proceedings for a dissolution of the corporation.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Attorney General W. H. H. Hart, Louttit, Woods & Levinsky,* and *James A. Louttit,* for Appellants.

When a corporation is to be created under the provisions of the general law it is only by pursuing the provisions of the statute that corporate existence can be acquired. (*Harris* v. *McGregor,* 29 Cal. 124; *Bigelow* v. *Gregory,* 73 Ill. 197; *Abbott* v. *Omaha Smelting Co.,* 4 Neb. 416; *Childs* v. *Smith,* 55 Barb. 45; *People* v. *Montecito Water Co.,* 97 Cal. 276; 33 Am. St. Rep. 172; *People* v. *Selfridge,* 52 Cal. 331.) And this rule extends as well to public as to private corporations. (*Thomas* v. *Ashland,* 12 Ohio St. 124; *Welker* v. *Potter,* 18 Ohio St. 85; *Commonwealth* v. *Montrose,* 52 Pa. St. 391; *Burke* v. *Jeffries,* 20 Iowa, 145; *Kayser* v. *Trustees,* 16 Mo. 88.) And the noncompliance on the part of a company or a proposed corporation with the provisions of the statute is fatal to the act of attempted incorporation. (*Field* v. *Cooks,* 16 La. Ann. 153; *Indianapolis etc. Min. Co.* v. *Herkimer,* 46 Ind. 142; *People* v. *Montecito Water Co.,* 97 Cal. 278; 33 Am. St. Rep. 172.) The affidavit of Gillis, Duncan, and Russell, filed herein with petition, contains no statement that fifty or any number of electors whose names appear on said petition signed it, and is therefore insufficient to warrant the board in acting. (*Fox* v. *Board of Supervisors etc.,* 49 Cal. 564; *In re Cameron,* 50 N. Y. 502.) The alleged ordinance No. 257, passed on the nineteenth day of April, 1893, is void, for the reason that the same was never published by the order of the board of supervisors. (*People* v. *Bailhache,* 52 Cal. 310; *People* v. *Williams,* 64 Cal. 91, 92; *Meuser* v. *Risdon,* 36 Cal. 244; *Chambers* v. *Satterlee,* 40 Cal. 521; Blackwell on Tax Titles, 217; *Donnelly* v. *Tillman,* 47 Cal. 40; *Donnelly* v. *Marks,* 47 Cal. 190; *Reis* v. *Graff,* 51 Cal. 86; *Himmelman* v. *Satterlee,* 49 Cal. 387; Dillon on Municipal Corporations, sec. 266, and note 4; *Napa* v. *Easterby,* 61 Cal. 517.) The alleged notice of the election was void for its uncertainty, as it does not describe the territory to be affected or in which the election was to be held. (Freeman on Executions, sec. 281. See *People* v.

*Klumpke*, 41 Cal. 263, 278; *Brandon* v. *Leddy*, 67 Cal.
43; *Cadwalader* v. *Nash*, 73 Cal. 46; *Caldwell* v. *Center*,
30 Cal. 540; 89 Am. Dec. 131; *Parker* v. *Kane*, 22 How.
18.)

*W. M. Gibson*, and *Kile & Plummer*, for Respondent.

In the organization of municipal corporations a sub-
stantial and not a literal compliance with the various
provisions of the statutes relating thereto is all that is
now required.    A liberal construction is also to be given
to all such laws.    (*Central Irr. Dist.* v. *De Lappe*, 79 Cal.
354; *People* v. *Montecito Water Co., supra.*)    The error in
the notice in the description of the property was imma-
terial.    (*Paul* v. *Silver*, 16 Cal. 75.)

BEATTY, C. J.—By virtue of certain proceedings under
the general law providing for the organization, incorpo-
ration, and government of municipal corporations (Stats.
of 1883, p. 93), the defendant is assuming and claiming
to be a municipal corporation of the sixth class, and
this action was brought for the purpose of determining
its right to hold and enjoy the franchise, and to exercise
the powers of such a corporation.

The plaintiff claimed that, by reason of the failure of
the board of supervisors to comply with the statute, no
organization was ever effected.    The defendant claimed
that there had been a substantial and sufficient compli-
ance with the law on the part of the board, and of all
parties concerned.    A trial was held in the superior
court, and judgment given in favor of the defendant
affirming the validity of its incorporation.    Plaintiffs
appeal from the judgment and from an order overrul-
ing their motion for a new trial.    In support of their
appeal they specify various particulars in which, as they
claim, the proceedings looking to the incorporation of
the defendant fell short of the statutory requirements.

There seems to be no difference between counsel as to
the proposition that a substantial compliance with the
statute is sufficient, but it is contended that positive and

important provisions of the law have in this instance been violated or ignored.

Most, if not all, of the questions to be decided depend for their solution upon the proper construction of section 2 of the act above cited, as amended in 1889 (Stats. 1889, p. 371).

1. It is therein provided, amongst other things, that a petition describing the territory to be incorporated, and signed by at least fifty qualified electors of the county, resident within the limits of said territory, shall be presented to the board of supervisors after two weeks' notice by publication of the time when it will be presented. Appellant claims that such petition must be presented to the board in the first place before publication of notice, and must be .thereafter published with the notice, affidavit, etc., by order and under the official sanction of the board, for the requisite time before it is presented to the board for its further action. We think, however, that a proper construction of the statute warrants the course pursued by the petitioners in this instance, who themselves caused the publication of the petition, affidavit, and notice of the time when the petition was presented to the board.

2. It is provided in the same section that " the affidavit of three qualified electors residing within the proposed limits, filed with the petition, shall be *prima facie* evidence of the requisite number of signatures" ‚(to the petition).

The affidavit filed with this petition was radically defective. It merely showed that the names attached to the petition were names of qualified electors resident within the limits of the proposed corporation. It did not show that their signatures were genuine, and there never was any evidence of the genuineness of such signatures offered before the board or on the trial of this action before the court. The board never found or declared that such petition had been in fact signed by fifty qualified petitioners, and there was no evidence to sustain such a finding by the court.

In this respect we think there was a failure in a substantial particular to comply with the statute. It is of the very essence of the proceeding, and absolutely essential to the jurisdiction of the board to make the order declaring the establishment of the incorporation, that a proper petition signed by the requisite number of qualified petitioners should be laid before them. This, of course, involves proof of the genuineness of the signatures attached to the petition, no less than the citizenship and residence of the persons whose names are attached. And the statute prescribes what that proof shall consist of—at least in part—viz., an affidavit of three qualified petitioners filed with the petition. This affidavit, it is true, is only made by the statute *prima facie* evidence of the requisite number of signatures. But we do not construe this to mean, as counsel for respondent contends, that it may be entirely dispensed with and other evidence substituted. It only means that the affidavit, if uncontradicted, is sufficient proof. If it is contradicted, no doubt it may be supported by additional testimony, but that such an affidavit should accompany the petition we think clear. And even if we were to concede, which we do only for the argument, that the absence of a proper affidavit might be supplied by other competent evidence of the genuineness of the signatures of a sufficient number of qualified petitioners, the case shows that in this instance there was no other evidence, and there was no finding or declaration of the fact.

3. There was no loss of jurisdiction by the board (if they had ever acquired jurisdiction) by the adjournments of the hearing from time to time, merely because in the orders of adjournment the hour of the day for resuming the hearing was not specified.

4. If the order of the board establishing boundaries and providing for a submission of the question of incorporation to the people had been otherwise valid it was not invalidated by the failure to publish it as an ordinance.

Such orders are not ordinances governed as to their enactment by the provisions of the County Government Act, but are orders to be entered on the minutes of the board in accordance with the provisions of the statute regulating this particular proceeding.

5. The board of supervisors did not make any direction as to the manner or time of giving notice of the election in this case, but merely resolved that notice be given, leaving it to their clerk to determine what the notice should be. The clerk caused a notice to be posted for fifteen days, in which was contained an ambiguous description of the boundaries of the proposed corporation.

This was not a substantial compliance with the statute. The manner of giving notice, whether by publication in a newspaper or by posting, and the length of time that the notice is to be published or posted, are matters committed to the discretion of the board, and cannot be delegated to the discretion of the clerk.

In this case the proposed incorporation was of a territory eight miles long and six miles wide, embracing one small village and a wide extent of farming country. The notice of election was posted under the direction of the clerk in five places. This seems scarcely reasonable or sufficient, but whether or not it was sufficient to give actual notice to the voters and to elicit a full vote is immaterial. The board and not their clerk must determine what notice shall be given.

As to the error in the description of boundaries, it was to some extent ambiguous by reason of the call for the southwest corner of section 30, instead of the northwest corner, but the other calls show conclusively that the northwestern corner was meant. The beginning point in the description is the southwest corner of township 2 north, range 8 east; running thence six miles to the southeast corner of township; thence north eight miles to north line of Douglas township; thence west six miles to *south*west corner of section 30, township 3 north, range 8 east, being the northwest corner

of Douglas township; thence south eight miles to the point of beginning. It was shown that the northwest corner of Douglas township was identical with the *north-*west corner of section 30, and the other calls, viz., a course west from the northeast corner to the northwest corner of the proposed incorporation, and a distance of eight miles from the northwest corner to the south-west corner sufficiently demonstrated what corner of the section was meant.

6. No certified copy of the order of the board of super-visors declaring the defendant duly incorporated had been filed in the office of the secretary of state when this action was commenced, or, so far as appears, when it was tried. The filing of such copy is, in our opinion, essential to the completion of the incorporation; until it is filed there is no corporation.

The last-mentioned defect in the proceedings is shown by the pleadings and findings, and is a ground for reversing the judgment on the appeal from the judg-ment. The other defects, viz., insufficiency of the affi-davit as to signatures to petition, and failure of the board to exercise its discretion as to notice of the elec-tion, appear only from the statement on motion for new trial.

As the failure to file a certified copy of the order with the secretary of state may have been, or may still be, remedied, it is proper to remand the cause for further proceedings, with a view to which we have passed upon all the points likely to arise on another trial.

The judgment and order appealed from are reversed and the cause remanded.

McFARLAND, J., VAN FLEET, J., GAROUTTE, J., and HARRISON, J., concurred.