[Civ. No. 325. Third Appellate District.—May 2, 1907.]

# J. H. BEAUMONT, Appellant, v. W. H. SAMSON et al., BOARD OF SUPERVISORS OF TEHAMA COUNTY, Respondents.

MUNICIPAL CORPORATION—VALIDITY OF ACTION OF SUPERVISORS—REMEDY —CERTIORARI—QUO WARRANTO.—*Certiorari* will not lie to test the validity of the action of the supervisors in declaring territory described in its order to be duly incorporated as a municipal corporation of the sixth class, under a specified name. The proper remedy is by a proceeding in *quo warranto.*

APPEAL from a judgment of the Superior Court of Tehama County, and from an order dismissing a proceeding upon writ of review. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Charles L. Donohoe, and Frank Freeman, for Appellant.

W. A. Fish, District Attorney, and McCoy & Gans, for Respondents.

CHIPMAN, C. J.—*Certiorari.* This is an appeal from the judgment and order of the superior court of Tehama county denying plaintiff's application for a writ of review and dismissing the proceedings therein.

Proceedings were taken before the board of supervisors of said county, which resulted in an order of said board declaring the territory in said order described to be "duly incorporated as a municipal corporation of the sixth class, under the name and style of the Town of Corning." The purpose of the action is to set aside, vacate and annul all of said proceedings and to obtain a decree that said incorporation is invalid.

Several questions arising in the case have been discussed, and among others it is contended by respondents that plaintiff had a plain, speedy and adequate remedy by *quo warranto* and that this latter, and not *certiorari,* is the appropriate remedy, and it was so held by the learned trial judge. We

think the point well taken, and this makes it unnecessary to notice other questions.

It appeared that pursuant to the order of the board, the persons named as trustees of said town of Corning entered upon the discharge of their duties, and were so acting at the commencement of this action. Whether or not a *de jure* corporation, the officers elected to exercise its powers and functions assumed to act under the authority conferred by the proceedings taken by the board of supervisors, and we think the organization constituted a *de facto* corporation. The good faith of these officers in so acting is not called in question, nor is it disputed that they were acting under the authority supposed by them to be conferred by the proceedings leading up to the formation of an assumed valid and legal corporation. At most, the acts of these trustees constituted a usurpation of, or an intrusion into, a public office, and their authority so to do, it seems to us, cannot be properly determined otherwise than by the method pointed out in section 803 et seq. of the Code of Civil Procedure, commonly called proceedings by *quo warranto*.

The writ of review, or *certiorari,* lies when "an inferior tribunal, board, or officer, exercising judicial functions, has exceeded" its jurisdiction, "and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy." (Code Civ. Proc., sec. 1068.) The office of this writ is not so much to determine the valid existence of the tribunal, board, or officer, while acting in a judicial capacity, as it is to determine whether the jurisdiction of such tribunal, board or officer has been exceeded. "The character of the act or determination sought to be reviewed, rather than the tribunal or officer by which the act or determination is made, is the test for determining whether the writ should be issued, for it is only a determination which is made 'when exercising judicial functions' that can be reviewed." (*Quinchard* **v.** *Board of Trustees,* 113 Cal. 664, 668, [45 Pac. 856].)

In volume 17, Encyclopedia of Pleading and Practice, page 412, it is said: "*Certiorari* to ministerial boards or officers is not the proper remedy to try the title to an office or the right to exercise corporate functions. *Quo warranto* is the only remedy which affords complete relief, and although questions regarding the legality of an election may be collaterally

raised and determined by *certiorari* in determining the validity of laws or ordinances of municipal bodies, yet for the purpose of directly testing the right to a public office *quo warranto* and not *certiorari* is the proper remedy. Nor is *certiorari* allowed for the purpose of bringing up a certificate of incorporation or other proceedings for the purpose of enabling the court to determine the legal existence of an alleged corporation. For the purpose of determining such questions, the proper remedy is by *scire facias* or *quo warranto,* so that the corporation may be in court." (See cases cited in footnotes.)

In the case of *State* v. *Osburn,* 24 Nev. 187, [51 Pac. 837], the action was for a writ to review the proceedings of the city council of the city of Reno, Nevada. The statute relating to this writ is substantially the same in that state as in California. The question of the constitutionality of the act incorporating the city of Reno was raised, and the court, in passing upon that question, said: "We are not determining whether the city council of that city exceeded its jurisdiction in ordering bonds to be sold for the purposes indicated, . . . but we are passing upon the rights of the respondent to exercise the functions of city council, and upon the validity of the corporate existence of the City of Reno. This we do not believe we have the power or authority to do, under the limitations of the regulative statute above cited." The court then proceeds to show that the question of corporate existence "must and can be determined by another proceeding, plain, speedy and adequate." Reference is then made to the statute regulating proceedings in *quo warranto* as furnishing the true remedy.

The cases are numerous in our reports where the form of action was *quo warranto* to determine the right to enjoy a franchise or exercise the powers of a municipal or other corporation. *People* v. *Town of Linden,* 107 Cal. 94, [40 Pac. 115], cited by appellant, is an instance. Our attention has been called to but one case where the action by writ of review seems to have been resorted to for the purpose of determining the validity of the proceedings of a board of supervisors resulting in the incorporation of a town. The question now before us was not raised in that case. Furthermore, the opinion is careful to state the limitation of the inquiry solely

to the correction of errors or irregularities within the jurisdiction of the board while exercising judicial functions. Many acts connected with the statutory proceeding for the creation of a municipal corporation are shown to be legislative or ministerial and not within the corrective force of a writ of review. It would seem to us that a remedy incapable of determining the validity or invalidity of all the steps taken by the board of supervisors would be inadequate to an inquiry as to the validity of the corporation created by the board. And then, too, every consideration requires that the corporation thus created should be a party to the action and have its day in court.

The judgment discharging the writ and dismissing the proceedings is affirmed.

Burnett, J., and Hart, J., concurred.