**KING et al. v. STATE ex rel. LOWE et al.**

No. 14614—Opinion Filed Jan. 22, 1924.

(Syllabus.)

1. **Elections — Registration of Electors — Necessity.**

Under the provisions of chapter 24, Sess. Laws 1916 (sections 6249 to 6269, inclusive, Comp. Stat. 1921), it becomes the duty of every qualified elector in the state to register as therein provided, and no elector who has failed to comply with said provisions shall be permitted to vote in any general, primary, regular or special election held in this state, or in any county, city, town, township, school district, or precinct for the nomination or election of federal, state, district, county, municipal, township, school district, or precinct officers.

2. **Justices of the Peace—Who Eligible to Office.**

Section 3422, Comp. Stats. 1921, provides that no person shall be eligible to the office of justice of the peace who is not a legal voter of the district, township, city or town for which he is elected.

3. **Elections—Invalidity of Town Election.**

When it appears that the mandatory provisions of the statutes relative to registration of voters and to the holding of elections have been flagrantly and willfully violated in a town election held for the purpose of electing municipal officers; and where it appears that 124 votes were cast and there were not more than 42 registered voters in the town; and where it appears that the ballots, stubs, tally sheets, and other records of said election were lost or misplaced immediately after said election and could not be produced at the trial contesting said election; and where the trial court finds that it is impossible from the evidence aliunde to determine the correct status of said election because it is impossible to separate the valid from the invalid votes, and holds that the correct result is impossible of determination and rejects all the ballots cast, and holds said election null and void, such action will not be disturbed on review in this court.

Error from District Court, Muskogee County; Enloe V. Verner, Judge.

Proceeding by the State on relation of Harve Lowe, Jim Springs, Jim Hargrave, Jessie Lowe, C. G. Noble, and J. W. McCullough, against John W. King and others to cancel election certificates issued to defendants and to have plaintiffs declared elected to various offices of the Town of Taft, Okla. From a judgment ousting defendants from office, defendants bring error. Affirmed.

R. Emmett Stewart and J. Bernard Smith, for plaintiffs in error.

Wm. A. Green, County Atty. of Muskogee County, and Brook & Brook, for defendants in error.

MASON, J. The parties herein were candidates for the various offices of the town of Taft, Okla., at a municipal election held April 3, 1923. Upon canvass of the face of the returns of the election, the county election board awarded certificates of election to the plaintiffs in error for the respective offices for which they were candidates.

This proceeding was commenced in the court below by the defendants in error, as plaintiffs, against the plaintiffs in error, as defendants, to cancel said election certificates and to have the defendants in error adjudged elected to said offices. The parties hereinafter will be referred to as they were in the district court.

The evidence in the case is substantially as follows: That Taft, Okla., is a town duly incorporated under the laws of Oklahoma; that, as provided by statute, an election was held therein on the 3d day of

April, 1923, for the purpose of electing municipal officers in said town; the plaintiffs constituting one set of candidates, and the defendants the other. The evidence further discloses that a portion of the town of Taft is in precinct 20 and the remainder in precinct 21 of Muskogee county, and that a portion of each precinct is within the limits of said town; that what is known as the Okmulgee road is the dividing line between said precincts, but the evidence is conflicting as to whether or not it is what is known as the new or the old Okmulgee road. It further appears that Taft is divided into three wards, but that the election was conducted at but one voting place, and that all voters of said town voted for candidates of all wards. No list of registered voters of said town was included with the election supplies, although it does appear that a list of the registered voters of said precincts 20 and 21 were included, but that said list had been made up four years prior to said election and had not been revised or brought down to date since that time. It also appears in the evidence that the election officials agreed to and did permit all persons to vote whether or not they were registered. Although the evidence is conflicting, it appears that there were from 26 to 42 registered voters in the town of Taft, and that about 124 ballots were cast at said election. The record also contains a stipulation of the parties that unregistered voters were permitted to participate in said election.

After the polls were closed, the ballot boxes, tally sheets, ballot stubs, and all other records of said election were delivered to the secretary of the county election board of Muskogee county, but were never deposited with the county clerk of said county, but were lost or misplaced and could not be produced at the trial of said cause by said secretary of the election board, although subpoenaed as a witness for that purpose.

The record also discloses that neither John W. King nor any of the other defendants were registered voters of the town of Taft, although it does appear that they were otherwise qualified, and for this reason the court, at the conclusion of the evidence, found that the defendant John W. King was not a qualified elector, and therefore was not eligible to hold the office of justice of the peace of the town of Taft. The court also found that the other defendants were not elected to their respective offices by qualified electors voting at said election.

The court found, further, that, on account of the ballots and other documentary evidence of said election which should have been delivered to the secretary of the election board of Muskogee county, and deposited with the clerk of said county, not having been preserved, and because it was impossible from the evidence aliunde to ascertain or determine the correct status of said election, and because it was impossible to separate the registered votes from the unregistered, fraudulent, and illegal votes cast at said election, said election was illegal and void.

The court then held that the titles and possession of the respective offices of the defendants, J. W. King, justice of the peace; J. Jordan, M. A. McConnell, and J. E. Brown, trustees; J. W. Whitley, treasurer; and Emma Hale, clerk, of the town of Taft, were unlawfully held by said defendants and that their election to said offices was null and void.

The defendants filed their motion for new trial, which was overruled, and they have duly perfected their appeal to this court.

For reversal, plaintiffs in error first contend that the trial court erred in holding that only voters who were registered as provided by law, were qualified to participate in a municipal election held for the purpose of electing town officials. In support of this contention, counsel cite State ex rel. Manhattan Const. Co. et al. v. Barnes, Mayor, et al., 22 Okla. 191, 97 Pac. 997. This case, so far as applicable to the instant case, construes subarticle 8 of the act of the Legislature approved May 29, 1908, Sess. Laws 1907-08, p. 352, which provides as follows:

"There is hereby created and established a registration system in the various cities of the first class in the state of Oklahoma for the registration of electors, and no elector shall be allowed to vote in any election held in such cities unless he has complied with the provisions hereof."

This case was based on a special election held in the city of Guthrie in 1908, for the purpose of voting bonds to build a city hall. The election was contested for the reason that unregistered votes were cast, and this court held as follows:

"Subarticle of said act of the Legislature approved May 29, 1908 (Laws 1907-08, p. 352 c. 31, art. 1), providing a system of registration in cities of the first class, does not apply to special city elections in such cities, and applies only to primary and general elections in the state, for the purpose of nominating and electing state, county, and township or precinct officers."

An examination of this case discloses that the opinion of the court was based very

largely upon the fact that said act did not provide any means of registration for qualified but unregistered voters before a special election, but only provided for such registration before each primary and general election, and for that reason a qualified voter, entitled to register, might thereby be deprived of the right to vote at a special election, although qualified for a period of time, which might extend over a period of 20 months prior to said special election. This case is also based on a special election, while the instant case involves a general election of municipal officers. Even if this were not true, that case could not be controlling in the instant case, inasmuch as the Legislature, since that time, has enacted chapter. 24 of Sess. Laws of 1916, which is also found in Comp. Stat. 1921, sections 6249 to section 6269 inclusive, which provides in part as follows:

"Section 6249. The word 'election' as used in this act is hereby declared to mean every general, primary, regular, or special election held in this state, or any county, city, town, township, school district, or precinct for the nomination or election of federal, state, district, county, municipal, township, school district, or precinct officers. * * *"

"Section 6250. It shall be the duty of every qualified elector in this state to register as an elector under the provisions of this act, and no elector shall be permitted to vote at any election unless he shall register as herein provided. * * *"

"Section 6257. Any person who may become a qualified elector in any precinct in this state after the tenth day of May, 1916, or after the closing of any other registration period, may register as an elector by making application to the registrar of the precinct in which he is a qualified voter, not more than twenty nor less than ten days before the day of holding any election and upon complying with all the terms and provisions of this act. * * *"

"Section 6263. During the period of registration beginning more than twenty and ending not less than ten days before the date of holding any election as hereinbefore provided in this act, any person who shall, between such time of closing such registration and the date of holding such election, become a qualified elector in any election precinct, may be registered by the registrar of such election precinct, upon compliance with all the provisions of this act, and satisfying such registrar that he will become such qualified elector in such precinct before the date of holding such election.'"

It will be observed that this act makes registration a prerequisite to the right to vote at any election held in any town for the nomination or election of municipal officers, and said act also provides a means whereby any person who may become qualified to vote in said election at any time prior thereto may be registered.

It is next contended that the court erred in holding that John W. King was not qualified to hold the office of justice of the peace for the reason that he was not a registered voter. We cannot agree with such contention. We have just concluded that a person not registered is not a legal voter, and section 3422, Comp. Okla. Stat. 1921, provides as follows:

"No person shall be eligible to the office of justice of the peace or constable who is not a legal voter of the district, township, city or town for which he is elected or appointed."

It is next contended that the trial court erred in rejecting the entire election and holding the same null and void. The court found that the defendants were not elected to their respective offices by qualified electors voting at said election; that the ballots and other documentary evidence of said election were not preserved; that it was impossible to separate the registered votes from the non-registered, fraudulent, and illegal voters; and concluded that said election was illegal and void.

The fact that disqualified voters are permitted to participate in an election in this state is not sufficient to void such election, where it is possible to ascertain the true vote. Kimberlin et al. v. Board of Commissioners of Garvin County, 78 Okla. 143, 189 Pac. 361. It is not error, however, for the trial court to hold an election void where it is impossible to separate the valid from the invalid votes, and where the correct result is impossible of determination. Martin v. McGarr, 27 Okla. 653, 117 Pac. 323: Incorporated Town of Ryan v. Town of Waurika, 29 Okla. 655, 118 Pac. 220; Ram pendahl v. Crump, 24 Okla. 873, 105 Pac. 201: In the case of Allen v. Williams, 38 Okla. 653, 134 Pac. 1102, this court announced the rule as follows:

"The returns may be rejected as fraudulent, and yet the true vote may be ascertained, and, where it can be ascertained independently of the rejected returns, the law requires that it be respected and enforced. Where the true votes cannot be ascertained. whether from the returns or from the evidence aliunde, the vote of the precinct is to be rejected."

We have carefully read the entire record in this case, and inasmuch as it appears that the mandatory provisions of the statutes relative to registration of votes and to the holding of elections have been flagrantly and

willfully violated, and it further appears that 124 votes were cast, although there were not more than 42 registered voters in the town, and also appears that the ballots, stubs, tally sheet, and other records of such election were lost or misplaced immediately after said election and could not be produced at the trial of said cause; and where it appears, further, that the trial court found that it was impossible from the evidence aliunde to determine the correct status of said election because it was impossible to separate the valid from the invalid votes, and held that the correct result was impossible of determination and rejected all the ballots cast at said election, and held said election null and void, we must conclude that the evidence was sufficient to support such judgment, and the same will not be disturbed on review in this court.

Therefore, the judgment of the trial court is affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.