In re Incorporation of TOWN OF BIG CABIN.
SIMERSON et al. v. PARTIES FAVORING INCORPORATION.

No. 17988.     Opinion Filed June 5, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Elections—Action to Set Aside Election for Illegal Voting—Burden of Proof.**

In order to set aside an election on the grounds of illegal voting, in the absence of allegations or proof of fraud, the burden of proof is upon those seeking to set aside the election to show not only that illegal votes were cast sufficient to have changed the result of the election, but they must show by whom and for whom, or for what issue or question submitted, such votes were cast.

2. **Municipal Corporations—Incorporation of Town—Sufficiency of Map and Survey.**

In the incorporation of a town under the laws of the state of Oklahoma, the map and survey as required by section 4745, C. O. S. 1921, is sufficient if it shows to a reasonable certainty what land is included within the proposed town.

3. **Elections—Election not Invalidated by Mere Failure of Officials to Take Oath.**

Although election officials may not take the oath required by the statute, this in itself is not sufficient to set aside the result of an election in the absence of any allegation or proof of fraud, and in the absence of a showing that the failure to take the prescribed oath had any effect upon the final result of the election.

4. **Municipal Corporations—Proceedings for Incorporation of Town—Substantial Compliance with Statutes—Time of Taking Census.**

In proceedings for the incorporation of a town, substantial compliance with the provisions of the statute is all that is required by the laws of Oklahoma. And where the law provides (sec. 4746, C. O. S. 1921) that a census must be taken within 30 days from the time the application is presented to the board of county commissioners, the fact that it was taken 31 days before is a substantial compliance with the statute, especially in view of the other statute (sec. 4647, C. O. S. 1921), which requires said census to be displayed in a place for examination by the public for 30 days prior to presentation to the board of county commissioners.

5. **Same—Validity of Incorporation Sustained.**

Record in case examined, and held, sufficient to support the judgment and finding of the trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Craig County; A. C. Brewster, Judge.

In the matter of the incorporation of the Town of Big Cabin. From action of District Court of Craig County approving an order of the Board of Commissioners of Craig County, declaring the Town of Big Cabin to be duly incorporated under the laws of the State, certain citizens, M. E. Simerson et al., appeal. Judgment affirmed.

W. H. Kornegay, for plaintiffs in error.

J. W. Bashore, for defendants in error.

FOSTER, C. This is an appeal from the district court of Craig county, approving an order of the board of county commissioners of said county, which order of the board of county commissioners approved an election held in the proposed town of Big Cabin and declared Big Cabin duly incorporated as a town under the laws of the state of Oklahoma.

It appears from the testimony that Big Cabin was an unincorporated town or village within Craig county several years prior to the attempted incorporation; that the original survey of the town had been made by the United States government prior to statehood, and had been recorded in the office of the county clerk ever since statehood; that several additions to the original town of Big Cabin had been surveyed and dedicated prior to the time of the proposed incorporation: that pursuant to the laws of the state of Oklahoma, as set out in sections 4745 to 4753, inclusive, C. O. S. 1921, certain citizens of the town of Big Cabin caused a survey and map to be made of the territory included within Big Cabin, together with the additions thereto, which survey and map were made by George Ashby, the county surveyor of Craig county, and that he made the map and survey principally by just tracing the maps and surveys which had many years before been made of the town and placed of record in the clerk's office of said county; that after said survey was made, a census was taken on the 5th day of March, 1926, and certified to by one of the citizens of said town, which set out the name of the head of every family residing within the territory, as shown by the

map prepared by the county surveyor, and the number of persons belonging to each family.

The census, survey and map, together with the petition directed to the board of county commissioners, which was signed by more than one-third of the number of qualified voters residing within Big Cabin, were left at Bell's Scale office, within said town, for a period of 30 days preceding the application to the board of county commissioners, which application was made to said board of county commissioners on the 5th day of April, 1926, at 1:30 o'clock p. m.

The said petition alleged, among other things, that there were 215 residents in Big Cabin and 121 qualified voters, and that there was attached thereto, marked "Exhibit A," a map of said town as prepared by the county surveyor as hereinabove set out.

There was also attached to said petition a verification by George Ashby, the surveyor, who made the plat of said town, certifying that the plat attached thereto and marked "Exhibit A" was surveyed and platted by him, and that the same is true and correct, and that the petition set out the boundaries of the town of Big Cabin, together with the land upon which the same is situated and approximately the number of acres contained therein.

A notice of intention to present said survey, map and petition to the board of county commissioners was duly posted in five public places on the 5th day of March, 1926, according to an affidavit made by W. E. Bell, one of the residents of said town. There is also an affidavit by W. E. Bell to the effect that the plat above referred to, together with the copy of the census, was continuously posted and held on exhibition in Bell's Scale office in Big Cabin, Craig county, Okla., subject at all times to examination by any one interested for a period of 30 days next preceding the 5th day of April, 1926.

Said petition, together with the plat, survey and other affidavits above referred to, were presented to the board of county commissioners of Craig county on the 5th day of April, 1926, and after a hearing on the same, the said board approved the application, and ordered that the territory embraced in the plat should become incorporated under the name of Big Cabin, conditioned that the same be approved by the qualified voters residing in said town at an election to be held at Bell's Scale office, in the town of Big Cabin, on the 22nd day of April.

At the same time they issued a notice of an election, which notice was signed by the chairman of the board of county commissioners and attested by the county clerk, calling a meeting to be held at Bell's Scale office on the day above designated between the hours of 9 o'clock in the morning until 4 o'clock in the afternoon, at which time all legal voters residing in the territory embraced in the town should cast their votes for or against the incorporation.

A return of election was duly filed with the county clerk, signed by E. J. Dixon, Mrs. G. E. Robinson and John E. Butler, who were elected inspectors at said election, the return showing that 62 votes had been cast for the incorporation and 55 against said incorporation.

Upon the filing of said return with the county clerk, the appellants herein, M. E. Simerson and others, duly filed their protest with the board of county commissioners, and a hearing was had upon said protest before the said board on the 3rd day of May, 1926. The protest alleges, in substance, that the election was void because a proper census had not been made as required by law, and no proper map, survey and census had been left for 30 days at a convenient place in the territory; that no sufficient notice of the application was ever given to the parties interested, and that no election was ordered by the board of county commissioners, nor published as required by law, and that the persons named as inspectors at said election never qualified, and that nonresidents in the territory were permitted to vote at the election.

After a full hearing before the board of county commissioners, the said commissioners found that all the provisions of the law had been complied with, that the election was legal, and overruled the objection of the appellants, and duly declared the town of Big Cabin to be legally incorporated. From this order the appellants appealed to the district court, and on the 7th day of June, 1926, the district court of Craig county, after a hearing in which the applicants were represented by counsel, the board of county commissioners by the county attorney, and the other persons interested therein duly represented by counsel, the court sustained a demurrer to the evidence of the appellants, and from this order of the district court the appellants appealed to this court.

Appellants in their petition in error set up three assignments as follows: (1) That the court erred in overruling their motion for a new trial. (2) That the court erred

in sustaining the demurrer to the evidence. (3) That the court erred in confirming the action of the board of county commissioners.

In their brief appellants set up ten assignments, and, while appellees contend that some of the assignments were not properly preserved, we will discuss each of them as though the same were properly here without deciding that question.

It is first contended by the appellants that the plat is not accurate, and that the description of the land contained therein, according to the plat, does not tally with the lands contained in the petition, and that there was never any survey made of the proposed land to be incorporated, and that the said proposed plat did not show either the courses or distances of the land sought to be incorporated, and that the map did not show the quantity of the land intended to be embraced. These, in substance, are points 1, 3, 4, and 5, as set out in appellant's brief.

According to the testimony of George Ashby, county assessor, it appears that there was a discrepancy between the allegations of the petition and the boundaries as shown on the map, but this error was by the court permitted to be amended during the trial, and we find no abuse of discretion by the court so doing. In Ashby's testimony he states that the survey and map are correct; that is, substantially correct. He did admit that in certain minor details the map was perhaps not exactly correct. He testified that he did not make a complete survey of the town, but stated that he used the maps and field notes already on record in Craig county, but that the map and survey were as definite as the same could have been made had he gone out and made an absolute survey of all the land included. There is no verification upon the map itself, nor does the map show the boundaries or quantity of the land included. But the petition to which the map is attached does show the boundaries and distances and quantity of land included, and the surveyor makes an affidavit that both the petition and the plat are correct, and this verification is attached to the plat and petition.

We believe that this substantially complies with section 4745, C. O. S. 1921. No attempt is made by the testimony to show that anyone is misled, or that anyone cannot find out whether or not his property is included within the incorporation by an examination of the map together with the petition attached thereto.

Appellants cite Dillon on Municipal Cor-

porations (2d Ed.) p. 24, in which it is provided that the boundaries and limits of a corporation ought to be definite and certain. Also, to the same effect is Abbott on Municipal Corporations, sec. 55.

Appellants also rely upon the case of Town of Enterprise v. State, 10 South. 744, a Florida case, but we do not consider this case in point for the reason that the court in that case found that "it is impossible for us to determine from it (the record) the territories or boundaries of the alleged corporation." The court set aside the incorporation because the boundaries were too indefinite, but there is no proof in the record to show that it was impossible for anyone to determine the boundaries of the town of Big Cabin. On the contrary, it appears that no one was misled, and that everyone seemed to understand just what was included.

A misdescription of a boundary of a proposed municipality is not a fatal defect if from other sources the boundaries and descriptions are shown with reasonable certainty. 28 Cyc. 180 ; People v. Linden (Cal.) 40 Pac. 115 ; Pacific Sheet Metal Co. v. Roeder (Wash.) 66 Pac. 428.

It has also been held sufficient if a surveyor can ascertain boundaries with reasonable certainty. Williams v. Willard, 23 Vt. 369.

The next contention which is seriously urged by appellants is that the registration laws were disregarded in holding the election, and they attempt to show that in the election held on the 22nd day of April, 16 persons were permitted to vote who were not registered, and argued that, since this was more than a majority in favor of incorporation, the election was therefore invalid.

We do not hold that the testimony was sufficient to show that 16 persons voted who were not registered. Neither do we decide whether or not it was necessary for voters to be registered in order to legally cast their votes in elections of this kind. But assuming that 16 illegal votes were cast, we do not believe that this is sufficient to justify setting aside of the election.

It has been repeatedly held in this state that when an elector is permitted to deposit his ballot, the presumption is in favor of the legality of the vote. And where the validity of elections is alleged on account of illegal voting, those seeking to set aside the result, as declared by the election officials, have the burden of proof, not only that illegal

votes were cast in sufficient number to change the result, but must show by whom and for whom, or for what issue, such votes were cast. Kimberlin v. Board of County Com'rs, 78 Okla. 143, 189 Pac. 361; Goar v. Brown, 82 Okla. 227, 200 Pac. 156; Dunagan v. Red Rock, 58 Okla. 218, 158 Pac. 1170; Cobb v. Berry, 67 Okla. 29, 168 Pac. 46.

No attempt was made in this case to show how any of the persons voted who are alleged to have been illegal voters. On the contrary, from the evidence and statements in appellants' brief, it might be inferred that the majority of the alleged illegal voters voted against the incorporation.

Appellants cite in support of this proposition the case of King v. State, ex rel. Lowe, 96 Okla. 297, 222 Pac. 960. In that case the ballots, stubs, and all of the other election supplies, giving the names and addresses of the persons voting, were destroyed and lost, and there was no record of who voted. The court found in this case an extreme case of fraud; about 125 voted and only a small per cent. of that number had been registered. The election in that case was set aside on the grounds of fraud.

In the case at bar there is no allegation of fraud of any kind, and the rule as above announced is always true where there is no fraud alleged or proven in the conduct of the election.

The appellants next contend that the oath of office taken by the election officials was not sufficient, in that it did not have a provision that the officials would obey the Constitution of the state of Oklahoma and of the United States. The election officials did take an oath of office, but it did not contain the provision as above set out. No authorities are cited in support of this contention, and we believe the same is not well taken.

Failure to take an oath as prescribed by law, in the absence of an allegation of fraud or collusion, and in the absence of an allegation that the failure to take the prescribed oath in any way influenced the result of the election, though such omission is an irregularity, will not invalidate an election. State ex rel. v. Barnes, Mayor, 22 Okla. 191, 97 Pac. 997, and cases cited therein.

It is next contended that the proceedings are invalid because the testimony shows that the census was taken 31 days before the time of presenting the application to the board of county commissioners. Section 4746, C. O. S. 1921, provides that the census must be taken not more than 30 days prior to the time of presenting the application to the board of county commissioners; and section 4747 provides that said census, together with the maps and surveys, must be placed in some convenient place within the territory for a period of not less than 30 days.

From a reading of these two statutes, it is apparent that both of them cannot be strictly complied with unless the census be made in one day and posted the same day. The census was made one day before the time prescribed by the statute. We think under the circumstances this is a substantial compliance, especially in view of the fact that no authority is shown to the contrary.

Appellants also contend that no proper census was taken, in that said census should have shown the names of all persons residing in the territory, but we think this is answered by the statute itself, where it says that it shall set out the names of the heads of the families and the number in each family, and this is exactly what was done in this case.

There is also a contention that the survey and map and census were not left at a convenient place within the territory for an examination by those having an interest in the application, but from an examination of the testimony, we see no merit in this contention.

We have examined the entire record in this case, and read with diligence the brief of the attorney for appellants, but we fail to find any merit in any of the contentions. We think the judgment is amply supported by the record, and that the testimony wholly fails to show any material violation of any of the statute laws of the state of Oklahoma, and that the provisions of the statutes governing incorporations of cities were substantially if not strictly, complied with. No taint of fraud is alleged or proven in any of the proceedings. We think the trial court committed no error in sustaining the demurrer.

Appellants suggest that it is doubtful whether the laws of Oklahoma authorize the incorporation of towns except towns of over 2,000 inhabitants. On this contention, however, as on many of the others, no authorities are cited, and we will consider this proposition as waived.

It is contended by the appellees in this case that the order hereby appealed from was not an appealable order, and that, if

appealable at all, the appeal should have been taken from the order of the board of county commissioners declaring the town of Big Cabin to be incorporated subject to the election, and not from the order approving the return of the election.

Appellees also contend that there is a defect in parties here, because the board of county commissioners and the board of directors of the incorporated town of Big Cabin should have been included as parties to the appeal, or at least the incorporated town of Big Cabin should have been made a party.

There may or may not be merit to these contentions, but, under the holding on the other propositions, it becomes unnecessary to go into these propositions.

It, therefore, follows that the judgment of the district court of Craig county should be and is hereby in all things affirmed.

BENNETT, TEEHEE, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 20 C. J. p. 240, §324; 9 R. C. ·L. p. 1162; 2 R. C. L. Supp. p. 934; 6 R. C. L. Supp. p. 588 (2) 43 C. J. p. 93, §38. (3) 20 C. J. p. 217, §275; (3) 9 R. C. L. p. 1092; 2 R. C. L. Supp. p. 924. (4) 43 C. J. p. 93, §38. (5) 43 C. J. p. 96, §45.