## LIVESAY et al. v. TOWN OF WEBB CITY et al.

No. 18218, Opinion Filed June 19, 1928.

Rehearing Denied June 11, 1929.

Holcomb & Lohman and John Barry, for plaintiffs in error.

A. J. Wildman and G. A. Paul, for defendants in error.

LESTER, J. The plaintiffs brought an action in the district court of Osage county seeking to enjoin the defendants from issuing certain municipal bonds of the town of Webb City, Okla., in the sum of $55,000.

A temporary injunction was issued enjoining the authorities from issuing or disposing of said bonds, but thereafter, upon a hearing had to the court, said injunction was dissolved, and the plaintiffs prosecute this appeal to reverse the action of the district court in dissolving said temporary injunction.

The plaintiffs present but one assignment of error, to wit:

"That a special election, for the purpose of voting municipal bonds, held in only one of the four wards of a municipality is void, and the board of trustees of said municipality may, upon application by any qualified elector, resident taxpayer, residing within said municipality, be enjoined from issuing such purported bonds."

The town of Webb City was divided into wards 1, 2, 3, and 4, and said wards had theretofore constituted the voting precincts of said town. It appears that when the town authorities called the election upon the question of authorizing the issuance of bonds, they designated one voting place only, which was located in ward 2 of said town. The total votes cast for the issuance of said bonds were 106; against the issuance thereof, 14.

The plaintiffs alleged:

"The majority of the voters voting for the bonds resided in wards 1, 3, and 4, and were not qualified electors in ward 2."

Thus it will be seen that the plaintiffs' petition is wholly defective in this, that it fails to state there were a sufficient number of illegal votes cast in said election to change the results thereof, or that a sufficient number of voters were prevented from voting at said election that would have changed the results.

As above noted, there were 106 votes cast for the issuance of said bonds. Fifty-four votes would constitute a clear majority of the total number of votes cast for the proposition. Deducting this number from the total number of votes cast for the proposition, would still leave 52 votes, and as there were only 14 votes cast against the proposition, there would still be a majority for the proposition of 38 votes.

Plaintiffs cite the cases of Munger v. Town of Watonga, 106 Okla. 78, 233 Pac. 211, and Hall v. Turner, 125 Okla. 248, 257 Pac. 328.

We fully concur in the rule laid down in these cases. In the syllabus of the latter case it is said:

"Where an incorporated town, in accordance with law, is divided into three wards, and only one voting precinct is established for all the voters of the town, and all voters voting in a bond election, held in said town, cast their vote in the one precinct, which said precinct extends beyond ward lines in violation of section 6134, Compiled Oklahoma Statutes 1921, and a sufficient number of votes are cast by electors who reside outside of the ward in which the one precinct voting place is located to change the result of the election, such election is void."

In the case of Munger v. Town of Watonga, supra, the court said:

"Not only is every one presumed to know the law, but we think that the voters of this state generally understand that they are entitled to register only in the precinct of their residence, and are entitled to vote only in the precinct where registered. Can the presumption be indulged in such case that all the persons qualified to vote at the election, living in the town of Watonga, not residents of precinct No. 26, were willing to go to the polls and vote in violation of the law? We think no such presumption can be indulged."

We think the true rule to be that where there is more than one voting precinct in a municipality, it is the duty of the authorities in such case to call an election for the purpose of issuing bonds, to designate a voting place in each established precinct of said municipality, but where there is a failure to do so and it is sought to attack the legality of an election on that account, it is necessary to state and allege that the failure to designate a voting place in each precinct prevented a sufficient number of legal voters from voting against said proposition as would have changed the results of said election, or that not only sufficient number of illegal voters voted in said election as would have changed the results, but it must also be shown who were the illegal voters and the manner in which they cast their votes. In the case of In Matter of Incorporation of Town of Big Cabin, Simerson v. Parties Favoring Incorporation, 132 Okla. 200, 270 Pac. 75, in syllabus paragraph No. 1 thereof, it is said:

"In order to set aside an election on the grounds of illegal voting, in the absence of allegations or proof of fraud, the burden of proof is upon those seeking to set aside the election to show not only that illegal votes were cast sufficient to have changed the result of the election, but they must show by whom and for whom, or for what issue or question submitted, such votes were cast."

We think the petition of the plaintiffs failed to state a cause of action, and judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 32 C. J. p. 399, §672. See "Appeal and Error," 4 C. J. §2768 p. 803, n. 87. "Municipal Corporations," 44 C. J. §4612, p. 1428, n. 1.