Dear Senator Barrington,
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. What is the meaning of the phrase "residing in compact form" in 110.S. 2001, § 2-101(A), which addresses incorporation of municipalities?
 2. Who is authorized to determine whether a community of people seeking incorporation as a municipality is "residing in compact form?"
 3. What criteria may be used to determine "residing in compact form?"
Section 2-101(A) of Title 11 is part of the Oklahoma Municipal Code and sets forth the primary requirements for incorporation of a municipality, which provides as follows:
 Any community of people residing in compact form may become incorporated as a town in the manner provided in Sections 3-101 through 3-107 of this title. If the resident population is one thousand (1,000) or more, a town or community of people residing in compact form may become incorporated as a city in the manner provided in Sections 4-101 through 4-107 of this title.
Id. (emphasis added). *Page 2 
 RESIDING IN COMPACT FORM
The phrase "residing in compact form" is not defined in the Oklahoma Municipal Code. "In defining statutory terms, in the absence of specified definitions, we must assume the Legislature intended for them to have the same meaning as that attributed to them in ordinary and usual parlance."Loffland Bros. Equip. v. White, 689P.2d311,314(Okla.l984). The ordinary dictionary definition of "reside" includes "to dwell permanently or continuously : have a settled abode for a time : have one's residence or domicile." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 1931 (3d ed. 1993). The term "compact" is defined as "marked by concentration in a limited area : homogeneous and located within a limited definite space without straggling or rambling over a wide area." Id. at 461.
A look at how other state courts have defined the terms is also instructive. A Florida court examined the meaning of the term "compact" in the annexation context, holding that "[c]ompactness means the `concentration of a piece of property in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns.'" City of Center Hill v. McBryde, 952 So.2d 599, 602
(Fla.Dist.Ct.App. 2007) (citation omitted). Courts have also considered the meaning of the term "compact" in the context of electoral redistricting. Some courts have taken the view that "compact" refers to the physical shape or size of a district, while other courts recognized that "compact" refers to closely-united territory. See Kurtis A. Kenger J.D., Annotation, Application of Constitutional "Compactness Requirement"to Redistricting, 114 A.L.R.5th 311 § 3(a)(1), (b) (2003). Closely-united territory is that in which citizens with shared interests are able to "relate to each other and their representatives and the ability of representatives to relate effectively to their constituency." Id.
§ 3(b).
The Oklahoma Supreme Court, when considering an annexation issue, provided a definition of "municipality" that incorporates the concept of "residing in compact form." The court held, "The basic idea of a municipality is that of a unified body of inhabitants having a community of interest and gathered together in a single mass, with recognized and well-defined external boundaries, not separate and disconnected areas."Deannexation of Certain Real Prop. v. City of Seminole, 102 P.3d 120,130 (Okla. 2004).
Based on this analysis, the phrase "residing in compact form" means a unified group of people having a community of interest who permanently or continuously dwell in a limited, definite, concentrated area.
 COUNTY COMMISSIONERS DETERMINE COMPACT FORM
You next ask, who is authorized to determine whether a community of people is "residing in compact form?" The question is answered by Section 3-102 of Title 11. This section provides that:
 Within thirty (30) days after the petition for incorporation [as a municipality] has been presented, the board of county commissioners shall determine, either by affidavit or by oral testimony in a hearing on the petition, whether the requirements *Page 3 
for incorporation have been fully complied with. If the board is satisfied with the petitioners' compliance, it shall call for an election for the purpose of submitting to the registered voters of the proposed town the question of whether or not such territory shall become an incorporated town.
Id.
In the process of municipal incorporation, the board of county commissioners decides whether the petition for incorporation meets the statutory requirements, including determining if the proposed territory constitutes a community of people residing in compact form. If the board finds compliance, it calls for an election in which the registered voters of the proposed municipality cast ballots in favor of or against incorporation. Id. If a majority of the voters approves the incorporation, the board of county commissioners issues an order of incorporation. Id. § 3-105. The order of incorporation may be appealed to the district court of the county in which the municipality is located.Id. § 2-107. When reviewing the case, the district court upholds the order of incorporation if it finds that the petitioners demonstrated substantial compliance with the statutory requirements for incorporation. Incorporation of Town v. Parties Favoring Inc., 270 P. 75,78 (Okla. 1928).
Section 3-102 refers to the incorporation of a town. The specific procedures for incorporation of a city are found in Sections 4-101 to 4-107 of Title 11. These sections also require a board of county commissioners to consider a petition for incorporation of a city, [1]
but none of these sections contain the express provision found in Section 3-102. However, the "residing in compact form" requirement is found in the general provisions for incorporation of a municipality, whether city or town. See 11 O.S. 2001, §§ 1-101[11-1-101] to 1-106. The board of county commissioners is the entity charged with taking action on petitions for incorporation of either a city or town. Thus, the county commissioners must also determine whether a petition for incorporation of a city meets the general requirement of "residing in compact form."
 CRITERIA FOR DETERMINING COMPACT FORM
There are no Oklahoma statutes or cases regarding criteria for determining whether the requirement of "residing in compact form" has been met. Consequently, the board of county commissioners may establish appropriate indicators. The criteria used in other jurisdictions with similar incorporation standards, although not binding in Oklahoma, may provide guidance to county commissioners.
For example, Wisconsin's statutes provide that territory to be incorporated "shall be reasonably homogenous and compact, taking into consideration natural boundaries, natural drainage basin, soil *Page 4 
conditions, present and potential transportation facilities, previous political boundaries, boundaries of school districts, shopping and social customs." WIS. STAT. Ann. § 66.0207(1)(a) (West 2007) (emphasis added). When determining homogeneity and compactness, Wisconsin officials also consider the amount of agricultural land in the proposed village, and whether there is a wide disparity in population between different sections of the territory. Town of Pleasant Prairie v. Dep't of LocalAffairs Dev., 322 N.W.2d 486, 490 (Wis.App. 1982). In this case, the court upheld the denial of incorporation of a town for lack of compactness when seventy-five percent of the proposed area was agricultural land, and forty quarter sections had no population or population of less than ten persons. Id.
Similarly, the Florida Supreme Court rejected a proposed incorporation of a sparsely populated area encompassing seventy-three square miles of land that was mostly farm land, cattle ranges, fruit groves and forests.State ex rel. Davis v. Town of Lake Placid, 147 So. 468, 471 (Fla. 1933). "There must exist a village, a community of people, a settlement or a town occupying an area small enough that those living therein may be said to have such social contacts as to create a community of public interest and duty requiring, in consideration of the general welfare, an organized agency for the management of their local affairs of a quasi public nature." Id. A majority of the land was owned by corporations seeking to develop the area as an upscale resort for wealthy vacationers. Id. at 470. While the court did not expressly consider the issue of compactness, its ruling implies that the court was concerned about a concept similar to that of a community of people "residing in compact form."
As the entity authorized to determine whether the statutory requirements for incorporation of a municipality are met, a board of county commissioners must decide what characteristics indicate that a community of people is "residing in compact form." The county commissioners may look to other jurisdictions such as those described above for guidance in developing appropriate criteria. Whether a particular petition for incorporation meets the statutory requirement of "residing in compact form" is a fact determination beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the Opinion of the Attorney General that:
 1. The phrase "residing in compact form," found in 11 O.S. 2001, § 2-101[11-2-101](A), means a unified group of people having a community of interest who permanently or continuously dwell in a limited, definite, concentrated area.
 2. The board of county commissioners is authorized by 11 O.S. 2001, §§ 3-102[11-3-102], 4-101, and 4-102 to determine whether a petition for incorporation of a city or town meets the statutory requirements for incorporation, including the requirement of "residing in compact form." Whether a particular petition for incorporation meets the statutory requirement of "residing in compact form" is a fact determination beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). *Page 5 
 3. The authorization to determine compliance with statutory requirements for incorporation granted to a board of county commissioners by 110.S. 2001, §§ 3-102, 4-101, and 4-102 also empowers the board to determine the criteria which indicate "residing in compact form."
W.A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA
SANDRA J. BALZER
ASSISTANT ATTORNEY GENERAL
[1] Section 4-103 provides an alternative process for already-incorporated towns seeking to become an incorporated city. "As an alternative procedure to filing a petition with the board of county commissioners, the board of trustees of an incorporated town, by resolution, may direct the mayor to submit the question of whether or not the town shall become a city to the registered voters of the town at a special or general election." Id.